Filed 4/22/13

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,                                  )
                                             )
      Plaintiff and Respondent,      )
                                             )                S192513
      v.                             )
                                             )                Ct.App. 3 C064982
ANTOINE J. McCULLOUGH,                       )
                                             )                Sacramento County
      Defendant and Appellant.       )                Super. Ct. No. 09F08232
                                             )
_____)

Defendant Antoine J. McCullough pleaded no contest to being a convicted felon in possession of a firearm (Pen. Code, § 12021, subd. (a)(1)) and admitted a prior prison term allegation (*id*., § 667.5, subd. (b)). The court imposed the stipulated state prison sentence of four years. It also ordered defendant to pay a $270.17 jail booking fee (booking fee).

Defendant claims the statute authorizing the court to impose a booking fee required the court to determine if he was able to pay it. (See Gov. Code, § 29550.2, subd. (a) ["If the person has the ability to pay, a judgment of conviction shall contain an order for payment of the amount of the criminal justice administration [booking] fee by the convicted person . . . ."].) Defendant contends that he is entitled to challenge this fee order for sufficiency of the evidence for the first time on appeal.[1] We granted review to

---

[1] Defendant additionally asserts that because he did object to imposition of a restitution fine and the court overruled that objection, objection to imposition of the booking fee would have been futile and therefore was unnecessary to preserve the issue for appeal. However, he did not raise this claim in the Court of Appeal. We see no reason to deviate from our normal policy of declining to consider an issue the Court of

1

determine whether a defendant who failed to object that the evidence was insufficient to support a finding of his ability to pay a booking fee when the court imposed it has forfeited his right to challenge the fee on appeal. For the reasons stated below, we conclude that a defendant who fails to contest the booking fee when the court imposes it forfeits the right to challenge it on appeal.

## I. FACTUAL AND PROCEDURAL HISTORY

Because neither party petitioned for rehearing, we take most of the relevant facts from the Court of Appeal opinion. (See Cal. Rules of Court, rule 8.500(c)(2).) Defendant pleaded no contest to being a convicted felon in possession of a firearm (Pen. Code, § 12021, subd. (a)(1)) and admitted a prior prison term allegation (*id.*, § 667.5, subd. (b)) in exchange for dismissal of the remaining counts and allegations against him and for a stipulated state prison sentence of an aggregate term of four years. Through counsel, defendant requested that the court impose sentence immediately and consequently waived preparation of a probation report. The court advised defendant of the rights he was waiving by pleading no contest and informed him of the consequences of his plea, including that fees would be imposed on him "related to being processed through the justice system." Defendant acknowledged the consequences of pleading no contest and knowingly and intelligently waived the rights he would give up as a result. The court then imposed a four-year sentence. The court also ordered defendant to pay a booking fee of $270.17.

The trial court granted defendant's request for a certificate of probable cause. (Pen. Code, § 1237.5.) Defendant's appeal included a challenge to the sufficiency of the evidence to support the $270.17 booking fee, although he had not objected when the court imposed it. The Court of Appeal affirmed the trial court's booking fee order. It

Appeal was not asked to consider. (Cal. Rules of Court, rule 8.500(c)(1); see also *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 5-7 [articulating reasons for deciding previously unraised issue in spite of our ordinary policy].)

noted that it had "held on more than one occasion that in order to preserve a challenge to a fee or fine, a defendant must object in the trial court." It found the cases on which defendant relied unavailing and followed its earlier cases. Another Court of Appeal has held that a defendant's failure to object to imposition of a booking fee does not forfeit an appellate challenge "based on the insufficiency of the evidence to support the order." (*People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1397.) We granted review to resolve the conflict.

## II. DISCUSSION

Three statutes address defendants' payment of jail booking fees, Government Code sections 29550, 29550.1, and 29550.2. Which section applies to a given defendant depends on which governmental entity has arrested a defendant before transporting him or her to a county jail. The factors a court considers in determining whether to order the fee payment also vary depending on whether or not the court sentences the defendant to probation or prison. (See Gov. Code, §§ 29550, subd. (d)(1) & (2), 29550.1, 29550.2, subd. (a).)

The trial court did not reference the statutory authority for the booking fee it imposed. The record of the sentencing hearing here simply indicates the court ordered defendant to pay a "main jail booking fee" in the amount of $270.17. On appeal below, defendant "suggest[ed] that [the fee] was imposed pursuant to Government Code section 29550.2," and the Court of Appeal proceeded under that assumption. We accept for purposes of review this fact-specific determination of the applicable statute without deciding the question ourselves. (See Cal. Rules of Court, rule 8.516(b)(3) ["The court need not decide every issue the parties raise or the court specifies"]; *People v. Partida* (2005) 37 Cal.4th 428, 439; *People v. Weiss* (1999) 20 Cal.4th 1073, 1076–1077.)

Government Code section 29550.2, subdivision (a), provides that "If the person has the ability to pay, a judgment of conviction shall contain an order for payment of" the

3

booking fee.  Our statutory construction begins with the plain, commonsense meaning of the words in the statute " 'because it is generally the most reliable indicator of legislative intent and purpose.' " (*People v. Skiles* (2011) 51 Cal.4th 1178, 1185.)  "When the language of a statute is clear, we need go no further." (*People v. Flores* (2003) 30 Cal.4th 1059, 1063.)  Here, the language is clear, and interpreting it according to its plain meaning will not " ' "result in absurd consequences which the Legislature did not intend." ' " (*Younger v. Superior Court* (1978) 21 Cal.3d 102, 113.)  Consequently, defendant had the right to a determination of his ability to pay the booking fee before the court ordered payment.

As we have observed on numerous occasions, " ' "a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 880-881 (*Sheena K.*).)  "Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal." (*Sheena K.*, at p. 880.)  " 'The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. [Citation.]' " (*Ibid.*)  Additionally, "[i]t is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided." (*People v. Vera* (1997) 15 Cal.4th 269, 276.)

However, neither forfeiture nor application of the forfeiture rule is automatic. (See *Sheena K.*, *supra*, 40 Cal.4th at pp. 881, fn. 2, 882 & fn. 3, 886–887 [noting exceptions].)  Competing concerns may cause an appellate court to conclude that an objection has not been forfeited.  (See *People v. Williams* (1999) 21 Cal.4th 335, 344 [declining to adopt a forfeiture rule for failure to plead the statute of limitations because it would run counter to the Legislature's intent]; cf. *People v. Flores*, *supra*, 30 Cal.4th at p. 1063 [assuming for the purposes of review that remand is the proper remedy when a

4

court orders a defendant to pay attorney fees under Pen. Code, § 987.8, without substantially complying with procedural safeguards enumerated in that section].) Similar concerns may also cause an appellate court to refrain from applying the forfeiture bar. (See *In re S.B.* (2004) 32 Cal.4th 1287, 1293 [appellate courts have discretion to review otherwise forfeited challenges — here, whether juvenile court may delegate parent-child visitation determinations to legal guardian — but it "should be exercised rarely and only in cases presenting an important legal issue"].) Defendant asserts that his challenge comes within the general rule that " 'a judgment . . . not supported by substantial evidence' " may be challenged for the first time on appeal (*People v. Butler* (2003) 31 Cal.4th 1119, 1126 (*Butler*)) and that we should therefore review the court's order for substantial evidence to support its determination that he pay the booking fee.

The Attorney General counters that defendant's challenge falls within a different rule, namely, that a defendant forfeits "claims of sentencing error on appeal" when "he [does] not object . . . in the trial court below." She argues that to the extent *Butler* called into question this general rule regarding sentencing order objections, we "should expressly limit [*Butler*] to its unique facts." She also directs our attention to our "long-standing practice of requiring objection by litigants . . . as errors happen rather than waiting to challenge [the lower court's] actions on appeal in the first instance."

Our application of the forfeiture bar to sentencing matters is of recent vintage. In *People v. Welch* (1993) 5 Cal.4th 228 (*Welch*), we held the defendant forfeited a challenge to the reasonableness of a probation condition because she failed to raise it when sentenced. In *People v. Scott* (1994) 9 Cal.4th 331, 354 (*Scott*), we held the defendant forfeited a claim that the sentence imposed on him, "though otherwise permitted by law, [was] imposed in a procedurally or factually flawed manner." Both cases provided for only prospective application of the rules they announced because formerly such hearings were "largely conducted under the assumption" that sentencing error claims, including challenges to probation terms, could "be raised in the first

5

instance on appeal." (*Scott*, at p. 337; see *Welch*, at p. 238 ["existing law overwhelmingly said no . . . objection" to terms of probation "was required" to preserve the issue for appeal].) *Welch* and *Scott* brought the forfeiture rule for alleged sentencing errors into line with other claims of trial court error, rather than placing such claims outside the general rules regarding forfeiture:  unless a party makes a contemporaneous objection, he or she generally cannot challenge a court's ruling for the first time on appeal.  (*Sheena K.*, *supra*, 40 Cal.4th at pp. 880-881.)

*Scott* and *Welch* also distinguished between an alleged factual error that had necessarily not been addressed below or developed in the record because the defendant failed to object, and a claimed legal error, which "can be resolved without reference to the particular sentencing record developed in the trial court." (*Welch*, *supra*, 5 Cal.4th at p. 235.)  We observed that we may review an asserted legal error in sentencing for the first time on appeal where we would not review an asserted factual error.  (*Scott*, *supra*, 9 Cal.4th at p. 355 ["fact-specific errors . . . are not readily susceptible of correction on appeal"].)  In the case of an asserted legal error, "[a]ppellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing." (*Id*. at p. 354.)

In the companion cases *People v. Stowell* (2003) 31 Cal.4th 1107 and *People v. Butler*, *supra*, 31 Cal.4th 1119, we considered whether defendants could appeal involuntary HIV testing orders that they had not contemporaneously challenged.  At the outset, we observed that although courts had pronounced the orders in question at sentencing, testing did not represent "punishment." (*Stowell*, at p. 1113.)  "[T]he Legislature enacted [Penal Code] section 1202.1 and related HIV testing statutes as health and safety measures to combat the spread of AIDS, not to increase criminal penalties." (*Ibid*.)  Because the imposition of such an order could not "properly be considered a sentencing choice" subject to "the analytical template of *Scott*," we would

6

review a challenge to that order made for the first time on appeal under general forfeiture principles. (*Ibid.*)

Though the application of sentencing and general forfeiture rules may differ, their analytical underpinnings are largely the same. (See *Sheena K.*, 40 Cal.4th at p. 881 ["In general, the forfeiture rule *applies in the context of sentencing as in other areas of criminal law*." (Italics added.)].) In *Butler*, we held that "a defendant may challenge the sufficiency of the evidence" to support imposition of an involuntary HIV testing order "even in the absence of an objection." (*Butler*, *supra*, 31 Cal.4th at p. 1123.) Our analysis flowed from our recent sentencing forfeiture cases; we would review an appellate challenge not based on a contemporaneous objection if the trial court had been acting in excess of its authority. "Just as a defendant could appeal an HIV testing order, without prior objection, on the ground he had not been convicted of an enumerated offense [citations], he should be able to do so on the ground the record does not establish the other prerequisite, probable cause. *We perceive no basis for distinguishing between the two statutory predicates*." (*Id.* at p. 1126, italics added.) "Without evidentiary support the order is *invalid*." (*Id.* at p. 1123, italics added.)

In *Butler*, we also confronted the apparent problem that the factual component of a probable cause finding seemed to place it outside the rule that we will only review for the first time on appeal " 'clear and correctable error' " that is "independent of any factual issues presented by the record." (*Scott*, *supra*, 9 Cal.4th at p. 354.) We concluded that "[t]he fact that a testing order is in part based on factual findings does not undermine [the] conclusion" (*Butler*, *supra*, 31 Cal.4th at p. 1127) that a court lacks authority to order involuntary HIV testing in the absence of probable cause.

We observed that the issue presented in *Butler* extended beyond mere disagreement over the import of certain facts: "Probable cause is an objective legal standard — in this case, whether the facts known would lead a person of ordinary care and prudence to entertain an honest and strong belief that blood, semen, or any other

7

bodily fluid capable of transmitting HIV has been transferred from the defendant to the victim." (*Butler*, *supra*, 31 Cal.4th at p. 1127.) A probable cause determination requires "applying th[is] particular legal standard to the facts as found." (*Ibid.*; see *Ornelas v. United States* (1996) 517 U.S. 690, 696-697 [in a warrantless search situation, determinations of reasonable suspicion and probable cause are reviewed de novo — the 4th Amend. does not turn " 'on whether different trial judges draw general conclusions that the facts are sufficient or insufficient to constitute probable cause' "].)

    *Butler*, however, does not endorse review in the absence of an objection below merely because an "objective legal standard" may be at issue. As we explained, "[o]ur conclusion in this case is controlled not only by the specific terms of [Penal Code] section 1202.1 but also by the general mandate that involuntary HIV testing is strictly limited by statute." (*Butler*, *supra*, 31 Cal.4th at p. 1128, fn. 5.) For these reasons, we explained, "*we conclude*" the rule permitting challenges to the sufficiency of the evidence to support a judgment "*should apply* to a finding of probable cause pursuant to [Penal Code] section 1202.1, subdivision (e)(6)." (*Butler*, at p. 1126, italics added.) Here, by contrast, we find no similar statutory or constitutional concerns.

    Parties may generally challenge the sufficiency of the evidence to support a judgment for the first time on appeal because they "necessarily objected" to the sufficiency of the evidence by "contesting [it] at trial." (*People v. Gibson* (1994) 27 Cal.App.4th 1466, 1469; see *People v. Rodriguez* (1998) 17 Cal.4th 253, 262 [sufficiency challenge to prior "strike" allegation not waived]; *In re Troy Z.* (1992) 3 Cal.4th 1170, 1180-1181 [guilty plea or no contest plea waives challenge to the sufficiency of the evidence].) Although in *Butler* we observed that this exception may extend to court dispositions other than judgments (*Butler*, *supra*, 31 Cal.4th at p. 1126), claims subjected to appellate review have arisen from contested hearings and have almost invariably involved findings on which judgment of the court was predicated (see *id.*, at p. 1126, fn. 4 [collecting cases]).

Defendant asks us simply "to follow *Butler*." He asserts that when a trial court finds sufficient evidence to impose a booking fee, it is finding "facts in light of an objective legal standard" that we should review as a matter of law in the same manner as the probable cause finding discussed in *Butler*. "[A]s with an HIV testing order that is based *in part* on a factual finding (probable cause), an order to pay booking fees also partial[ly] rests on a factual finding (ability-to-pay); however, both employ an objective legal standard in assaying the factual finding." Defendant argues that because of these similarities, coupled with the fact that neither an HIV testing order nor a booking fee is punishment (see, e.g., *People v. Alford* (2007) 42 Cal.4th 749, 756-759 [fee not punitive because of various factors, including whether its purpose was punishment or retribution]), *Butler*'s rule regarding sufficiency of the evidence applies to him. As he explains it, "the reasons given . . . in *Butler* for allowing a claim of insufficient evidence to be made for the first time on appeal in the context of an HIV testing order, apply equally to the booking fee."

The Attorney General asserts that there is no "legal standard" for ability to pay a fee comparable to the legal standard for assessing probable cause. Virtually anything in the record could support the ability to pay a fee — a defendant's current age and health, education, prospects of future earnings, assets, and any other sources of income, as well as other fines and fees ordered. "Absent a contemporaneous objection and development of the record, the wide range of factors that could be considered in determining an ability to pay do not lend themselves to simple review by [an] appellate court . . . ."

We conclude that defendant's ability to pay the booking fee here does not present a question of law in the same manner as does a finding of probable cause. Defendant may not "transform . . . a factual claim into a legal one by asserting the record's deficiency as a legal error." (*People v. Forshay* (1995) 39 Cal.App.4th 686, 689-690.) By "failing to object on the basis of his [ability] to pay," defendant forfeits both his claim of factual error and the dependent claim challenging "the adequacy of the record on that

9

point." (*Id.* at p. 690; see *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1517 [analyzing Health & Saf. Code, § 11372.7, subd. (b), and concluding challenge to the court's order forfeited largely because "factual issues come into play in determining whether a defendant has the ability to pay" the otherwise mandatory drug program fee].) In *Welch*, the defendant argued that Penal Code section 1203.1 conditioned the court's order on its "reasonableness," and that therefore the claim that an order was unreasonable represented legal error that could not be forfeited because it went to the court's authority to act rather than its discretion to act. We disagreed. Instead, we found the defendant's assertion of error encompassed factual matters only, namely, whether "the court exercised its otherwise lawful authority in an erroneous manner under the particular facts." (*Welch, supra,* 5 Cal.4th at p. 236; see *Scott*, *supra*, 9 Cal.4th at pp. 354-355.) Similarly, we hold here that because a court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal.

Indeed, in *People v. Simon* (2001) 25 Cal.4th 1082, 1086, we held that "pursuant to the general legal doctrine that a party may forfeit a right by failing to assert it in a timely fashion, a defendant in a felony proceeding forfeits a claim of improper venue when he or she fails specifically to raise such an objection prior to the commencement of trial." In *Simon*, although we agreed with the defendant "that under [Penal Code] section 1019 a not guilty plea generally puts in issue every material allegation of the accusatory pleading — including any allegation in the accusatory pleading regarding the alleged location of the charged offense" (*Simon*, at p. 1105), we held that entry of a not guilty plea was not in itself "sufficient to constitute a timely objection to venue," and that a defendant who fails to make a timely objection "forfeits the right thereafter to object to venue" (*id*. at p. 1106). The defendant forfeited this right even though the People bore the burden of proving proper venue by a preponderance of the evidence. (*Id*. at p. 1105.)

10

Government Code section 29550.2 places on the People the burden of proving a defendant's ability to pay a booking fee. Because the fee is not "punishment" for constitutional purposes (see *People v. Alford*, *supra*, 42 Cal.4th at pp. 756-759), the People's burden of proof is by preponderance of evidence (see, e.g., *In re Jorge G.* (2004) 117 Cal.App.4th 931, 944 [factual predicate for gang registration need only be proved by preponderance of evidence]; *People v. Marchand* (2002) 98 Cal.App.4th 1056, 1060-1061 [sex offender registration, same]). But a defendant who does nothing to put at issue the propriety of imposition of a booking fee forfeits the right to challenge the sufficiency of the evidence to support imposition of the booking fee on appeal, in the same way that a defendant who goes to trial forfeits his challenge to the propriety of venue by not timely challenging it.

Lastly, our review of other statutes where the Legislature has similarly required a court to determine if a defendant is able to pay a fee before the court may impose it supports our conclusion. In contrast to the booking fee statutes, many of these other statutes provide procedural requirements or guidelines for the ability-to-pay determination. Certain fee payment statutes require defendants to be apprised of their right to a hearing on ability to pay and afford them other procedural safeguards. (See, e.g., Pen. Code, §§ 987.8, 1203.1b [payment of cost of probation supervision].) Additionally, Government Code section 27755 lists extensive "procedural rights" that must attend "any hearing required by law to determine a person's ability to pay court-related costs." (*Id.*, § 27755, subd. (a); see Welf. & Inst. Code, § 903.45, subd. (b) [listing qualifying court-related costs].) Other fee payment statutes merely identify factors a court should consider in deciding whether to impose fees. In many of these instances, the Legislature has articulated a fairly uniform set of factors that affect a defendant's ability to pay the fees in question: the defendant's present financial position; his or her reasonably likely future financial position; and fines and fees already imposed. (See, e.g., Pen. Code, §§ 1208.2 [work furlough and electronic home detention program

11

participant fees], 3006 [parolee's payment of certain treatment costs associated with parole terms], 646.94 [parolee's payment of costs associated with specialized parole supervision program]; see also Pen. Code, § 987.8, subd. (g)(2)(A)-(D) [articulating similar factors for courts to consider at a noticed hearing on whether a defendant should pay all or part of the cost of court-appointed counsel].) Even Health and Safety Code section 11372.7, which mandates that individuals convicted under the California Uniform Controlled Substances Act pay a drug program fee "[i]f the court determines that the person has the ability to pay," provides more guidance to courts in imposing fees than does Government Code section 29550.2: a court shall impose a drug program fee if it "is reasonable and compatible with the person's financial ability," including the financial impact of "any fine imposed upon that person and any amount that person has been ordered to pay in restitution." (Health & Saf. Code, § 11372.7, subd. (b).)

We note these statutes because they indicate that the Legislature considers the financial burden of the booking fee to be de minimis and has interposed no procedural safeguards or guidelines for its imposition. In this context, the rationale for forfeiture is particularly strong. (See, e.g., *People v. Williams*, *supra*, 21 Cal.4th at pp. 339, 344 [Legislature's intent, manifested by Pen. Code, §§ 801, 803, guides forfeiture determination].)

Practically speaking, determining a defendant's ability to pay a fee is much less complex than is determining a defendant's sentence. In *Scott*, the defendant contended that "a rule requiring a contemporaneous objection" was "unrealistic" because counsel could not reasonably be expected to "comprehend, remember, and respond to the various sentencing factors and choices delivered orally by the court at the hearing." (*Scott*, *supra*, 9 Cal.4th at pp. 355-356.) We agreed that "pronouncement of sentence is a highly technical process encompassing a wide variety of procedural and substantive matters." (*Id*. at p. 356.) Nevertheless, we determined that the requirement that a defendant contemporaneously object in order to challenge the sentencing order on appeal advanced

12

the goals of proper development of the record and judicial economy.  Given that imposition of a fee is of much less moment than imposition of sentence, and that the goals advanced by judicial forfeiture apply equally here, we see no reason to conclude that the rule permitting challenges made to the sufficiency of the evidence to support a judgment for the first time on appeal "should apply to a finding of" ability to pay a booking fee under Government Code section 29550.2.  (*Butler*, *supra*, 31 Cal.4th at p. 1126.)  We disapprove *People v. Pacheco*, *supra*, 187 Cal.App.4th 1392, to the extent it holds the contrary.[2]

### III.  CONCLUSION

We affirm the judgment of the Court of Appeal.

CHIN, J.


WE CONCUR:

CANTIL-SAKAUYE, C.J.
KENNARD, J.
BAXTER, J.
WERDEGAR, J.
CORRIGAN, J.
LIU, J.

---

[2]     Defendant contends that *People v. Viray* (2005) 134 Cal.App.4th 1186 and *People v. Lopez* (2005) 129 Cal.App. 4th 1508 support the conclusion that his appellate challenge should not be deemed forfeited.  However, each case merely references the general rule that an appellate challenge to the sufficiency of the evidence "requires no predicate objection in the trial court."  (*Viray*, at p. 1217; see *Lopez*, at p. 1537.)

13

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. McCullough
_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 193 Cal.App.4th 864
**Rehearing Granted**

_____

**Opinion No.** S192513
**Date Filed:** April 22, 2013
_____

**Court:** Superior
**County:** Sacramento
**Judge:** Stephen W. White

_____

**Counsel:**

Danalynn Pritz, under appointment by the Supreme Court, and Gideon Margolis, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., and Kamala D. Harris, Attorneys General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Janet E. Neely and Michael A. Canzoneri, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Danalynn Pritz
Law Offices of Pritz & Associates
3625 East Thousand Oaks Boulevard, Suite 176
Westlake Village, CA  91362
(805) 496-8336

Michael A. Canzoneri
Deputy Attorney General
100 I Street, Suite 125
Sacramento, CA  94244-2550
9916) 322-5514