Filed 6/26/13  P. v. Texas CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>SHAWN PATRICK TEXAS,<br><br>      Defendant and Appellant. | A137503<br><br>(Lake County<br>Super. Ct. No. CR930314) |

Shawn Patrick Texas appeals from a judgment upon his plea of no contest to malicious destruction of property (Pen. Code, § 594, subd. (a)).  He contends that the trial court erroneously imposed a $90 booking fee without finding that he had the ability to pay the fee.  We affirm.

## I.  FACTUAL BACKGROUND

On August 22, 2012, a complaint was filed charging defendant with stalking while subject to a restraining order (Pen. Code, § 646.9, subd. (b)) and malicious destruction of property.  The charges stemmed from defendant's arrest for violating a restraining order and breaking the rear door window of a patrol car.  On November 26, 2012, the court placed defendant on probation for a period of three years on conditions including that he serve 120 days in the county jail, pay a restitution fine of $720, pay a court operations assessment of $40, a criminal conviction assessment of $30, and a criminal justice

1

administrative fee of $90.[1] Defendant waived a reading of the amount and statutory authority for the fines which were ordered imposed, and expressly agreed to imposition of each of the conditions of probation.

## II. DISCUSSION

Defendant contends that the trial court erred in imposing the $90 criminal justice administrative fee (booking fee) without finding that he had the ability to pay the fine.[2] The People argue that defendant waived the claim because he failed to object to imposition of the fine in the trial court.

The issue was recently addressed by our Supreme Court in *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*). The Court held that "because a court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal." (*Id.* at p. 597.) The court reasoned that its review of statutes in which the Legislature has required a court to determine if a defendant is able to pay a fee indicated "that the Legislature considers the financial burden of the booking fee to be de minimis and has interposed no procedural safeguards or guidelines for its imposition. In this context, the rationale for forfeiture is particularly strong." (*Id.* at p. 599.) Thus, the court concluded: "Given that imposition of a fee is of much less moment than imposition of sentence, and that the goals advanced by judicial forfeiture apply equally here, we see no reason to conclude that the rule permitting challenges made to the sufficiency of the

---

[1] The court also imposed sentence on two probation violation matters, case nos. CR929150 (45 days) and CR930178 (90 days), the sentences to be served concurrently to each other, and awarded a total of 45 days credit against those terms.

[2] Government Code section 29550, subdivision (c), provides in relevant part: "Any county whose officer or agent arrests a person is entitled to recover from the arrested person a criminal justice administration [booking] fee for administrative costs it incurs in conjunction with the arrest if the person is convicted of any criminal offense related to the arrest, whether or not it is the offense for which the person was originally booked . . . ." Subdivision (d)(2) provides that "[t]he court shall, as a condition of probation, order the convicted person, *based on his or her ability to pay*, to reimburse the county for the criminal justice administrative fee . . . ."

2

evidence to support a judgment for the first time on appeal 'should apply to a finding of' ability to pay a booking fee . . . ." (*Ibid.*)

Accordingly, we conclude that defendant forfeited his claim that he lacked the ability to pay the booking fee. (*McCullough, supra,* 56 Cal.4th at p. 599.)

## III.  DISPOSITION

The judgment is affirmed.


_____
Rivera, J.


We concur:


_____
Ruvolo, P.J.


_____
Humes, J.