Filed 8/2/13  P. v. Hernandez CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE ANTONIO HERNANDEZ,<br><br>    Defendant and Appellant. | D062748<br><br><br>(Super. Ct. No. SCD240590) |

APPEAL from a judgment of the Superior Court of San Diego County, Laura Halgren, Judge.  Affirmed.

Jill M. Klein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Kristine A. Gutierrez, Deputy Attorneys General, for Plaintiff and Respondent.

Jose Antonio Hernandez entered a negotiated guilty plea to continuous sexual abuse of a child under 14 (Pen. Code, § 288.5, subd. (a); count 9) and three counts of committing a lewd act on a child under 14 with substantial sexual conduct (Pen. Code, §§ 288, subd. (a) & 1203.066, subd. (a)(8); counts 28, 30 & 33).  The court sentenced him to a stipulated 28-year

prison term: the 16-year upper term on count 9; the eight-year upper term on count 28 and two years each (one-third the middle term) on counts 30 and 33. The court imposed a $154 criminal justice administration fee (booking fee) pursuant to Government Code section 29550.1, as recommended in the probation report. Hernandez appeals, contending imposition of the booking fee violated his right to equal protection because Government Code section 29550.1 does not require a finding of ability to pay, unlike the booking fees set forth in Government Code sections 29550 and 29550.2, and there is no rational basis for distinguishing Government Code section 29550.1 from the latter two sections. Alternatively, Hernandez contends substantial evidence does not support a finding he had the ability to pay the booking fee.

Hernandez did not object in the trial court to the imposition of the booking fee. He has thus forfeited his right to challenge the fee on appeal. (*People v. McCullough* (2013) 56 Cal.4th 589, 593.) Hernandez suggests that we exercise our discretion to consider the merits of the equal protection issue. (*Ibid.*) We decline to do so.

### DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:


BENKE, J.


McDONALD, J.