Filed 8/29/13  P. v. Benton CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL OSCAR BENTON,<br><br>    Defendant and Appellant. | H039277<br>(Santa Clara County<br>Super. Ct. No. B1263121) |

Defendant Michael Oscar Benton pleaded no contest to making a criminal threat in violation of Penal Code section 422.  He was sentenced to a 16-month prison term.  On appeal, he challenges the imposition of a $129.75 criminal justice administration fee.  We will affirm the judgment.

## BACKGROUND

As defendant challenges only the imposition of the $129.75 criminal justice administration fee, we review only the facts pertinent to that issue.

On November 26, 2012, defendant pleaded no contest to making a criminal threat in violation of Penal Code section 422.  He filled out a written "Advisement Of Rights, Waiver, And Plea Form," which provided, "Depending upon my ability to pay, I may . . . be required to pay . . . a criminal justice administration fee of up to $259.50. . . ."

The probation officer's report recommended that "[a] $129.75 Criminal Justice Administration fee to the City of Sunnyvale be imposed pursuant to Government Code [sections] 29550, 29550.1 and 29550.2." The probation report reflected that trial counsel had instructed the probation officer not to interview defendant, and thus the probation report does not contain any information about defendant's employment history, education, or training.

At the sentencing hearing on December 20, 2012, the trial court indicated it was planning to "impose all of the recommended terms as set forth in the probation report." After hearing from the victim and defendant, the court imposed a 16-month sentence. It imposed a number of fees and fines, including "a criminal justice administration fee of $129.75 to the City of Sunnyvale."

Following its announcement of the fees and fines, the trial court asked whether defendant would "accept the fines and fees imposed and waive a hearing on ability to pay?" Trial counsel replied, "Yes, Your Honor."

## DISCUSSION

Defendant challenges the $129.75 criminal justice administration fee imposed at sentencing, claiming "there is no showing in the record that [he] had the ability to pay it."

Although the trial court did not specify the statutory authority for the criminal justice administration fee, the parties agree that it was imposed pursuant to Government Code section 29550.1.[1] Section 29550.1 provides: "Any city . . . whose officer or agent arrests a person is entitled to recover any criminal justice administration fee imposed by a county from the arrested person if the person is convicted of any criminal offense related to the arrest. A judgment of conviction shall contain an order for payment of the amount of the criminal justice administration fee by the convicted person. . . ."

_____

[1] All further statutory references are to the Government Code unless stated otherwise.

2

Defendant acknowledges that section 29550.1 does not expressly require the trial court find a defendant has the ability to pay the fee before ordering payment. He claims the equal protection provisions of the state and federal Constitutions require section 29550.1 to be interpreted as including an ability-to-pay requirement, since sections 29550 and 29550.2 expressly require a finding that the person has the ability to pay the criminal justice administration fee when the fee is imposed under certain circumstances.

The Attorney General contends that defendant forfeited or waived his claim of insufficiency of the evidence concerning ability to pay the criminal justice administration fee. The Attorney General further argues that principles of equal protection do not require us to interpret section 29550.1 as including an ability-to-pay provision.

Assuming, without deciding, that equal protection principles require section 29550.1 to be interpreted as including an ability-to-pay requirement, we determine that defendant waived his challenge to the criminal justice administration fee. As noted above, at the sentencing hearing, the trial court asked whether defendant would "accept the fines and fees imposed and waive a hearing on ability to pay?" Trial counsel replied, "Yes, Your Honor." Thus, defendant did not merely fail to object to imposition of the fee without a finding of his ability to pay; he affirmatively waived any right to that determination. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 881, fn. 1 [" 'forfeiture' " refers to a failure to object or to invoke a right, whereas " 'waiver' " conveys an express relinquishment of a right or privilege]; cf. *People v. McCullough* (2013) 56 Cal.4th 589, 597-599 [by failing to object below, a defendant forfeits an appellate claim that he or she lacks the ability to pay a criminal justice administration fee imposed pursuant to section 29550.2].)

**DISPOSITION**

The judgment is affirmed.

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____

ELIA, ACTING P.J.

_____

MÁRQUEZ, J.