Filed 2/21/14  P. v. Carbajal CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COPY

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C073292 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F05126) |
| v. | |
| ANGEL MERCADO CARBAJAL, | |
| Defendant and Appellant. | |

A jury found defendant Angel Mercado Carbajal guilty of threatening to commit a crime that would result in death or great bodily injury (Pen. Code, § 422, subd. (a)) and found that he personally used a deadly weapon, a machete (Pen. Code, § 12022, subd. (b)(1)), in the commission of the offense.  The jury acquitted defendant of another count of that offense and deadlocked on a count of assault with a deadly weapon.  (Pen. Code, § 245, subd. (a)(1).)  Defendant admitted allegations that he had a prior serious felony conviction (Pen. Code, §§ 667, subds. (a), (b)-(i), 1170.12) and had served a prior prison

1

term (Pen. Code, § 667.5, subd. (b)).  He was sentenced to prison for 12 years, consisting of six years (twice the upper term) for criminal threats, five years for the prior serious felony, and one year for the prior prison term.  The mistried count was dismissed in the interest of justice.  Defendant was ordered to pay, among other things, a $340.01 booking fee and a $62.09 classification fee.

On appeal, defendant contends the matter must be remanded for resentencing because the trial court mistakenly believed it had no discretion with respect to imposition of the booking and classification fees.  We affirm the judgment.

## FACTS AND PROCEEDINGS

The facts of defendant's offense are not at issue and may be briefly stated.

Defendant resided in south Sacramento.  In December 2011, he stood in the front yard of his next door neighbor's residence swinging a long knife and yelling.  After retreating to his house, he reemerged and again swung the knife.  Defendant told his neighbor that he wanted to cut him "like this," and motioned to the knife.

Sacramento City Police officers arrested defendant and transported him to the Sacramento County Jail.

## DISCUSSION

Defendant contends the trial court "misunderstood its discretionary powers with regard to the imposition of booking and classification fees" in that they may be imposed only "if the trial court finds defendant has the ability to pay."

The probation report recommended that the trial court order defendant to pay, among other things, a $340.01 main jail fee and a $62.09 main jail classification fee, both payable through the court's installment process.  The report stated that both fees were "pursuant to Section 29550.2 of the Government Code."[1]

---

[1]    Undesignated statutory references are to the Government Code.

At the sentencing hearing, after determining that there was no issue of victim restitution, the trial court stated: "Any . . . mandatory fines I will impose. Any discretionary fines are stricken. [¶] I guess from what probation is telling me is that the $340[.01] main jail booking fee is mandatory. If it is, it is imposed. If it's discretionary and we can strike it, I would strike it. I guess I'm also required to impose a $62.09 main jail classification fee. Again, if it's discretionary and I have the power to strike it, I will strike it. If it is not, then it is imposed." The court did not recite a statutory basis for either fee.

Neither party objected to the trial court's oral pronouncement. The court never returned to the subject. The clerk included both fees in the court's minutes and on the abstract of judgment.

"Three statutes address defendants' payment of jail booking fees [citations]. Which section applies to a given defendant depends on which governmental entity has arrested a defendant before transporting him or her to a county jail." (*People v. McCullough* (2013) 56 Cal.4th 589, 592 (*McCullough*).)

Section 29550, subdivision (a) allows a county to impose upon certain entities -- "a city, special district, school district, community college district, college, or university" -- certain fees "for reimbursement of county expenses" related to the booking or other processing of persons arrested by the entity. Sections 29550.1 and 29550.2, in turn, allow the arresting entity to recover fees "from the arrested person."

Section 29550.1 applies to persons arrested by an officer or agent of a "city, special district, school district, community college district, college, university, or other local arresting agency." This section provides authority for the fees imposed on defendant who was arrested by the Sacramento Police Department.

Section 29550.1 provides in relevant part that any city "whose officer or agent arrests a person is entitled to recover any criminal justice administration fee imposed by a county from the arrested person if the person is convicted of any criminal offense related

3

to the arrest. A judgment of conviction shall contain an order for payment of the amount of the criminal justice administration fee by the convicted person, and execution shall be issued on the order in the same manner as a judgment in a civil action, but the order shall not be enforceable by contempt." Nothing in this statute requires the sentencing court to consider the defendant's ability to pay.

Section 29550.2 applies to arrests by a "governmental entity not specified in Section 29550 or 29550.1," i.e., neither a "local arresting agency" or a county, and thus probably in most or all cases a *state* agency such as the California Highway Patrol. Section 29550.2, subdivision (a) provides in relevant part: "Any person booked into a county jail pursuant to any arrest by any governmental entity not specified in Section 29550 or 29550.1 is subject to a criminal justice administration fee for administration costs incurred in conjunction with the arresting and booking if the person is convicted of any criminal offense relating to the arrest and booking. . . . *If the person has the ability to pay, a judgment of conviction shall contain an order for payment of the amount of the criminal justice administration fee by the convicted person.*" (Italics added.)

Defendant's argument that the trial court mistakenly believed it had no discretion regarding imposition of the fees, in that the court had discretion to find that defendant lacked the ability to pay, is expressly based on the italicized portion of section 29550.2. The provision does not apply to him because he was arrested by city police officers. (*McCullough, supra,* 56 Cal.4th at p. 592.) The trial court's failure to consider defendant's ability to pay before imposing the booking and classification fees was not error.

Defendant's failure to address section 29550.1 in the trial court forfeits any claim that the statute's omission of an ability-to-pay provision violates principles of equal protection. (*McCullough, supra,* 56 Cal.4th at p. 597.)

As noted, the probation report stated that the booking and classification fees were imposed "pursuant to Section 29550.2 of the Government Code." Evidently following

4

the report, the clerk's minutes state that both fees are imposed pursuant to section 29550.2.  However, the abstract of judgment states that the booking fee is "purs[uant] to 29550.2" while the classification fee is "purs[uant] to 29550."  We shall direct the trial court to correct its records to reflect that the booking and classification fees are imposed pursuant to section 29550.1.

## DISPOSITION

The judgment is affirmed.  The trial court is directed to correct its minutes and the abstract of judgment to reflect booking and classification fees imposed pursuant to Government Code section 29550.1.  The court shall forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.


       HULL       , J.


We concur:


       RAYE       , P. J.


       MAURO       , J.