Filed 7/16/14  P. v. McKinnon CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|   |   |
|---|---|
| THE PEOPLE,  Plaintiff and Respondent,  v.  WILLIE SYLVESTER MCKINNON,  Defendant and Appellant. | E059823  (Super.Ct.No. FSB034336)  OPINION |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Willie Sylvester McKinnon filed a petition for resentencing pursuant to Penal Code section 1170.126.[1]  The court denied the petition finding defendant ineligible for resentencing.  On appeal,[2] defendant contends the court erred in finding him ineligible for resentencing.  We affirm the judgment.

FACTUAL AND PROCEDURAL HISTORY[3]

During surveillance of defendant's motor home, an undercover police officer witnessed six people approach defendant's motor home, exchange objects with defendant, and leave within a 35-minute period.  The officer suspected defendant of engaging in narcotics sales, so he approached defendant and asked for narcotics.  Defendant said he was out of narcotics.  The officer walked down the street and observed

---

[1]  All further statutory references will be to the Penal Code unless otherwise noted.

[2]  We note the appealability of the denial of a section 1170.126 petition is currently being considered by the Supreme Court.  (*Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [not appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [appealable].)  Even if we were to conclude it was a nonappealable order, we could consider, in the interest of judicial economy and because of uncertainty in the law, that defendant's appeal is a petition for writ of habeas corpus or writ of mandate.  (*Braziel v. Superior Court* (2014) 225 Cal.App.4th 933 [treating appeal from denial of petition for resentencing as a petition for writ of mandate]; See *People v. Segura* (2008) 44 Cal.4th 921, 928 fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus].)

[3]  On our own motion, we take judicial notice of our opinion in case No. E035580, dated August 16, 2005, from defendant's appeal of his original conviction and judgment.  (Evid. Code, § 451, subd. (a) [Judicial notice shall be taken of the decisional law of this state.].)  We derive much of our factual history from the opinion.

another individual have brief contact with defendant. The officer then walked up to defendant wearing a vest which identified him as a police officer. The officer identified himself to defendant as a police officer. Defendant started the engine of the motor home and began to drive away.

The officer ran alongside the motor home during which defendant traveled alongside a U-Haul truck where defendant "'almost smashed'" the officer between the two vehicles. The officer was picked up in a vehicle by another officer and they pursued defendant. During the pursuit, defendant threw a small package out the window which was later retrieved and found to contain 5.1 grams of cocaine base. The officers eventually apprehended defendant.

On November 21, 2002, a jury convicted defendant of assault with a deadly weapon and by force likely to produce great bodily injury upon a peace officer (count 1; § 245, subd. (c)), transportation of cocaine base (count 2; Health & Saf. Code, § 11352, subd. (a)), and possession of cocaine base for sale (count 3; Health & Saf. Code, § 11351.5). The jury additionally found true allegations defendant had incurred two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The court sentenced defendant to three consecutive terms of 25 years to life, but stayed sentence on count 3 pursuant to section 654, for a total, indeterminate term of 50 years to life.

On August 28, 2013, defendant filed a petition for resentencing pursuant to section 1170.126 listing only his conviction for the count 1 offense and contending he had been convicted for assault with a deadly weapon or by means likely to produce great bodily

3

injury on a peace officer. The court denied the petition finding "that Petitioner does not satisfy the criteria in [section] 1170.126[, subdivision] (e) and is not eligible. [¶] Defendant's current commitment offense include[s] ADW on [a] peace officer[,] . . . a serious felony. As such[,] defendant is ineligible for re-sentencing under [section] 1170.126."

DISCUSSION

On appeal, defendant contends the court erred in finding him ineligible for resentencing on counts 2 and 3 because neither offense was a serious or violent felony. We disagree.

Section 1170.126 "provides a means whereby prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction." (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1286.) "First, the court must determine whether the prisoner is eligible for resentencing; second, the court must determine whether resentencing would pose an unreasonable risk of danger to public safety; and third, if the prisoner is eligible and resentencing would *not* pose an unreasonable risk of danger, the court must actually resentence the prisoner." (*Id*. at p. 1299.)

"Any person serving an indeterminate term of life imprisonment . . . upon conviction . . . of a felony or felonies that are not defined as serious and/or violent . . .

4

may file a petition for a recall of sentence . . . before the trial court that entered the judgment of conviction in his or her case, to request resentencing . . . ." (§ 1170.126, subd. (b).) Under section 1170.126, subdivision (e)(1), an inmate is ineligible for resentencing if his indeterminate sentence was imposed for any conviction of a felony that is defined as serious or violent by section 1192.7, subd. (c). (§ 1192.7, subd. (c)(1)(11) [Assault with a deadly weapon upon a peace officer.].) Likewise, under section 1170.126, subdivision (e)(2), an inmate is ineligible for resentencing if the record establishes his current sentence was imposed for any offense appearing in sections 667, subdivision (e)(2)(C)(i)-(iii) or 1170.12, subdivision (c)(2)(C)(i)-(iii). (§§ 667, subd. (e)(2)(C)(iii) ["During the commission of the current offense, the defendant . . . was armed with a . . . deadly weapon . . . ."], 1170.12, subd. (c)(2)(C)(iii) ["During the commission of the current offense, the defendant . . . was armed with a . . . deadly weapon . . . ."].)

Section 1170.126 requires the superior court to "consider *all* current felonies in determining eligibility for recall of sentence." (*Braziel v. Superior Court, supra,* 225 Cal.App.4th 933, 947.) "[A] defendant inmate is not eligible for recall of his sentence if *any* of the offenses for which he is serving a three strikes sentence is a serious and/or

violent felony, even if one or more of those sentences are not serious and/or violent felonies." (*Id.* at pp. 946-947.)[4]

First, defendant failed to carry his burden of specifying all the charged felonies which resulted in his sentence. (§ 1170.126, subd. (d).) Defendant only listed his conviction on count 1 in his petition. Second, defendant did not request resentencing on counts 2 or 3 in his petition. Therefore, defendant has forfeited any contention on appeal that he was eligible for resentencing on counts 2 or 3. (*People v. McCullough* (2013) 56 Cal.4th 589, 591, 592-599 [Failure to raise issue in trial court forfeits argument on appeal.].)

Third, defendant failed to carry his burden of the production of evidence from which the trial court could make a proper determination of defendant's eligibility for resentencing. (See *In re Champion* (2014) 58 Cal.4th 965, 1007 [Defendant in petition for writ of habeas corpus ""bears a heavy burden initially to *plead* sufficient grounds of relief, and then later to *prove* them.""].) Here, defendant did not produce *any* evidence of his record of conviction or the record of his prior strike convictions. Finally, defendant was statutorily ineligible for resentencing because his indeterminate sentence was imposed, in part, due to his conviction of assault with a deadly weapon upon a peace

---

[4] We deny the People's request for judicial notice of the "Official Voter Information Guide for the California General Election of November 6, 2012" (Guide). The court in *Braziel* conducted sufficient analysis of the Guide before concluding its defendant was ineligible for resentencing on essentially the same basis as defendant in this case. (*Braziel v. Superior Court*, *supra*, 225 Cal.App.4th at p. 945.)

officer.  (§§ 667, subd. (e)(2)(C)(iii); 1170.126, subd. (e)(2)(C)(iii); 1192.7, subd. (c)(1)(11); *Braziel v. Superior Court*, *supra*, 225 Cal.App.4th at p. 948.)  Therefore, the court properly denied defendant's petition.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON _____
J.

We concur:


KING _____
       Acting P. J.


MILLER _____
         J.