Filed 6/21/16  P. v. Wilcox CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>CHARLES HAROLD WILCOX,<br><br>     Defendant and Appellant. | G051399<br><br>(Super. Ct. No. 10NF3387)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Vickie L. Hix, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.  Request for judicial notice.  Granted.  Motion to Dismiss Appeal.  Denied.

Kenneth H. Nordin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Andrew Mestman, and Amanda E. Casillas, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Charles Harold Wilcox appeals from a Proposition 47 resentencing order. He argues the trial court erred in sentencing him to one year of parole under Penal Code section 1170.18, subdivision (d), (all further undesignated statutory references are to this code unless otherwise indicated) because he already completed his felony prison sentence. The parties agree Wilcox has now been discharged from parole so we need not address this issue. Wilcox also asks the court to reduce his restitution fine (§ 1202.4, subd. (b)) to the minimum amount applicable to misdemeanor convictions. Wilcox forfeited this issue by not objecting to the court's order, and in any event, the trial court did not err in imposing the fine.

I

FACTUAL AND PROCEDURAL BACKGROUND

In November 2010, Wilcox pleaded guilty to felony possession of methamphetamine (Health & Saf. Code, 11377, subd. (a)), misdemeanor possession of drug paraphernalia (Health & Saf. Code, 11364.1, subd. (a)), and misdemeanor possession of a hypodermic needle or syringe (Bus. & Prof. Code, 4140). He also admitted previous felony convictions (Pen. Code, § 667.5, subd. (b)). Because Wilcox was eligible for probation and treatment under Proposition 36 (Pen. Code, § 1210), the court suspended imposition of judgment and placed Wilcox on probation for three years. The court awarded Wilcox credit for two days served in custody, and also ordered him to pay a restitution fine (§ 1202.4, subd. (b)) of $200 and various fees.

Wilcox violated probation on several occasions. In August 2011, the court terminated him from drug treatment and probation, sentenced him to a mid-term prison sentence of two years for felony possession of methamphetamine, and stayed sentence on the misdemeanors pending successful completion of the felony sentence. The court struck punishment for the prior convictions, ordered Wilcox to pay the $200 restitution fine it had imposed in November 2010, and credited Wilcox with 21 days of custody credit and 21 days of conduct credit.

2

In January 2015, Wilcox filed a one-page application to have his felony conviction designated as a misdemeanor because he had completed his sentence. (§ 1170.18, subd. (f)).  Alternatively, he asked the court to recall his sentence, reduce the conviction to a misdemeanor, and set the matter for resentencing (§ 1170.18, subd. (a)).

At a hearing on January 28, 2015, the court found Wilcox was eligible for relief under section 1170.18, subdivision (a).  The court vacated his sentence and resentenced him, giving him custody and conduct credits totaling 365 days, reimposed any previously imposed fines, and placed him on one year of parole.  Wilcox objected to parole because there were no crimes of violence in his record and most of his prior offenses were, or would be reduced to, misdemeanors.  The court overruled his objection and directed him to report to the local parole office within 24 hours.  A handwritten notation "denied" is written over the portion of Wilcox's application referencing section 1170.18, subdivision (f).

## II

## DISCUSSION

In his opening brief filed in June 2015, Wilcox contends the trial court erred by denying his application to designate the felony as a misdemeanor under section 1170.18, subdivision (f), and by imposing parole (§ 1170.18, subd. (d)).  He notes he was sentenced to serve two years in prison on August 24, 2011, and must have completed his prison sentence before the trial court resentenced him on January 28, 2015.  He also notes nothing in the record shows he was on parole or postrelease community supervision (PRCS) in January 2015.  But he asserts even if he was on parole or PRCS, "such periods of supervision are distinct from a 'sentence'" within the meaning of section 1170.18.  Alternatively, Wilcox argues even if the court had authority to impose parole, he had "already served a two-year sentence and, therefore, this court should deem both his 365 day misdemeanor sentence and his one year parole term served in full."  (Cf. *People v. Morales* (June 16, 2016, S228030) ___ Cal.4th ___ [credit for time served does not

3

reduce the parole period required by section 1170.18, subd. (d)].)  Finally, he asserts his restitution fines (§§ 1202.4, subd. (b), 1202.45) should be reduced to "amounts applicable to misdemeanor convictions."

In September 2015, we granted Wilcox's motion to augment the appellate record (Cal. Rules of Court, rules 8.340(c), 8.155) with a minute order dated August 12, 2015.  The order reflects the trial court resentenced Wilcox a second time.  The court imposed a 364-day sentence for possession of methamphetamine, and awarded total credits of 24 months because "total credits . . . exceed the total sentence, including both confinement time and the period of parole, [therefore Wilcox] is immediately discharged from parole (as to this matter)."  The court also vacated the narcotics registration requirement (Health & Saf. Code, § 11590, subd. (c) [narcotic registration requirement does not apply to a misdemeanor conviction under Health & Saf. Code, § 11377].)  We invited the parties to submit informal letter briefs addressing whether the appeal was moot.

The parties agree most of the issues are moot.  (See *Eye Dog Foundation v. State Board* (1967) 67 Cal.2d 536, 541 [duty of appellate court is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions or to declare principles or rules of law which cannot affect the matter in issue].)[1]  But Wilcox objects to dismissal of the appeal because the trial court did not reduce the restitution fine to the minimum amount specified for misdemeanors.  The Attorney General argues Wilcox forfeited his claim concerning the restitution fine.

---

[1]  Because the parties agree Wilcox is no longer on PRCS or parole, we see no need to decide whether the trial court erred in determining Wilcox had not completed his sentence.  Because Wilcox is no longer a fugitive from parole, there is no need to address the Attorney General's argument to dismiss the appeal.  We grant the Attorney General's request for judicial notice because the documents are relevant to assess mootness and fugitive status issues.

4

We decline to dismiss the appeal as moot because the trial court has not addressed the issue related to Wilcox's restitution fine.  But Wilcox's claim lacks merit.  Wilcox did not object to the fine when originally imposed in November 2010.  We also note in his guilty plea Wilcox expressly waived his right to appeal any legally authorized sentence imposed within the terms of the plea agreement.  He acknowledged the court would order him to pay the mandatory restitution fine between $200 and $10,000.  He also did not ask the court to reduce the fine to the statutory minimum for misdemeanors at his resentencing.  He therefore forfeited the right to appeal this issue.  (*People v. McCullough* (2013) 56 Cal.4th 589) [a criminal defendant who does not challenge an assertedly erroneous ruling in the trial court forfeits his or her right to raise the claim on appeal]).

In any event, section 1202.4 provides, "The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense." (§ 1202.4, subd. (b)(1)).  For a misdemeanor, the minimum fine is $150 and the maximum fine is $1,000.  (*Ibid.*)  The trial court's $200 fine was at the low end of the range allowed for a misdemeanor.  Nothing in the record suggests the trial court intended to impose the statutory minimum fine.  (See Couzens & Bigelow, Proposition 47: "The Safe Neighborhoods and Schools Act" (May 2016), < www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of May 26, 2016] pp. 85-86 [trial court's imposition of a fine during resentencing that falls within the statutory range for a misdemeanor is an authorized sentence; assessment of $300 for a misdemeanor was

5

well within the court's discretion].)  We discern no cognizable error concerning the fine.

III

DISPOSITION

The order is affirmed.


ARONSON, ACTING P. J.

WE CONCUR:


FYBEL, J.


IKOLA, J.