Filed 7/26/21  P. v. Chau CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PAUL CHAU,<br><br>    Defendant and Appellant. | B308823<br><br>(Los Angeles County<br> Super. Ct. No. ZM031154) |

        APPEAL from an order of the Superior Court of Los Angeles County.  Robert S. Harrison, Judge.  Affirmed.

        Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael C. Keller and Charles S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * * * * * *

On October 20, 2020, the trial court, after a bench trial, sustained the People's petition pursuant to Welfare and Institutions Code section 6500 and ordered defendant and appellant Paul Chau committed to the State Department of Developmental Services for a one-year term.

Defendant does not challenge the sufficiency of the evidence presented at trial or claim that any errors occurred during trial. Defendant raises only one issue on appeal, a constitutional equal protection challenge that he did not assert in the trial court. Defendant forfeited his constitutional challenge. We reject defendant's contention his trial counsel was ineffective for failing to raise the constitutional claim below. We therefore affirm.

## BACKGROUND

In August 2020, the Los Angeles District Attorney's Office filed a petition pursuant to Welfare and Institutions Code section 6500 seeking a recommitment of defendant to the State Department of Developmental Services for another year on the grounds his developmental disability continued to cause him to be a danger to himself and others and that judicial commitment remained the only suitable option.

Defendant has been committed to the State Department of Developmental Services for several years. After felony charges were filed against defendant in 2013, he was found incompetent to stand trial. Charges were eventually dismissed when it was determined he was unlikely to attain competency due to his developmental disability. The People sought and obtained an order of commitment pursuant to Welfare and Institutions Code section 6500 and have sought annual recommitment orders since then.

Defendant, represented by appointed counsel, entered a denial to the August 2020 petition and waived his right to a jury trial.

The bench trial on the People's petition took place on October 20, 2020. The People presented the testimony of three doctors, all of whom had been or were involved in defendant's care at the Porterville Developmental Center: Dr. Yung-Chung Wong, Dr. Nandan Bhatt and Dr. Elizabeth Bruce. All three doctors stated their opinions, and the extensive factual bases for their opinions, that defendant, due to his developmental disability and mental health issues, remained a danger to himself and/or to others.

Defendant did not present any witnesses. Defendant argued at length that the People had failed to meet their burden.

The court sustained the petition and ordered defendant to remain committed to the State Department of Developmental Services for another year, commencing October 20, 2020. The court scheduled a placement hearing for December 8, 2020, to consider placement recommendations and whether it was appropriate to transfer defendant from the Porterville Developmental Center to a less restrictive community-based placement.

Defendant appealed. We granted defendant's motion for calendar preference.

## DISCUSSION

Defendant contends he was denied equal protection because his one-year commitment under Welfare and Institutions Code section 6500 expires on the anniversary date of the recommitment order, which was made after a hearing held more than one year after the anniversary date of the original

commitment order.  In contrast, people with mental disorders who are committed under a Murphy conservatorship pursuant to the Lanterman-Petris-Short Act (§ 5008 et seq.) may be recommitted for only one year from the original commitment anniversary.

Defendant admits this constitutional claim was not raised below.

As our Supreme Court has explained on numerous occasions, " ' " 'a constitutional right,' or a right of any other sort, 'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.' " ' [Citation.]  'Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal.' [Citation.]  ' "The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected.  [Citation.]" ' [Citation.] Additionally, '[i]t is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided.' " (*People v. McCullough* (2013) 56 Cal.4th 589, 593.)

Defendant argues we should nonetheless consider the issue because it is a purely legal issue, or we should resolve the merits after finding his trial counsel was ineffective for failing to preserve the issue for review.  We are not persuaded to do either.

Defendant's equal protection argument based on alleged disparities in the two statutory commitment schemes would be better illuminated by arguments developed below based on facts specific to defendant's disability and commitment history.  We do

4

not find the argument presents a purely legal issue that we can and should resolve at this time.

Moreover, we cannot conclude, on this record, that defendant's trial counsel was ineffective. We cannot make such findings based purely on speculation about counsel's trial strategy. In the event another petition is filed by the People to recommit defendant for another year after the completion of the current term, defendant is free to raise and develop his equal protection argument in the trial court at that time.

## DISPOSITION

The October 20, 2020 order sustaining the petition and ordering defendant's commitment to the State Department of Developmental Services is affirmed.


GRIMES, Acting P. J.


WE CONCUR:



WILEY, J.



OHTA, J.[*]


---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.