Filed 6/27/14  P. v. Schultz CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL JOHN SCHULTZ,<br><br>    Defendant and Appellant. | H040314<br>(Santa Clara County<br>Super. Ct. No. C1352415) |

## I.  INTRODUCTION

Defendant Michael John Schultz pleaded no contest to failing to register as a sex offender (Pen. Code, § 290.015, subd. (a)) and admitted that he had served three prior prison terms (*id.*, § 667.5, subd. (b)).  The trial court sentenced defendant to prison for 16 months.

On appeal, defendant contends that the trial court failed to determine his ability to pay a criminal justice administration fee of $259.50 and therefore the matter must be remanded.

For reasons we will explain, we will reverse and remand the matter for a determination of defendant's ability to pay the fee.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In August 2013, defendant was charged by information with failing to register as a sex offender (Pen. Code, § 290.015, subd. (a)). The information further alleged that he had a prior strike (*id.*, §§ 667, subds. (b)-(i), 1170.12), and that he had served three prior prison terms (*id.*, § 667.5, subd. (b)).

In September 2013, on motion of the prosecution, the trial court dismissed the prior strike allegation. Defendant pleaded no contest to the registration offense and admitted the remaining allegations, with the understanding that he would receive 16 months in state prison.

In a waived referral memorandum, the probation department recommended, among other things, the imposition of a $259.50 criminal justice administration fee to the county pursuant to Government Code sections 29550, 29550.1, and 29550.2.[1]

The sentencing hearing was held in October 2013. At the hearing, defense counsel objected to the imposition of the criminal justice administration fee. Defense counsel cited *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*) and argued that the fee could be imposed "only if there's a finding that he has an ability to pay. Once defense counsel has raised that objection, it actually is on the People to present evidence that he has the ability to pay." In response, the prosecutor stated, "I'll just submit it, Your Honor." The trial court stated: "I'm going to go ahead and impose it. If there's no ability to pay, that can be worked out with the Department of Revenue based upon that case. Take that to them." The court subsequently sentenced defendant to 16 months in prison and granted 481 days of custody credits. The punishment for the prison priors was stricken. The court ordered defendant to pay various amounts, including the "$259.50

---

[1] All further statutory references are to the Government Code unless otherwise indicated.

criminal justice administration fee . . . pursuant to Government [Code] Sections 29550 and 29550.1 and 29550.2."

### III. DISCUSSION

Defendant contends that the trial court failed to determine whether he had the ability to pay the criminal justice administration fee, and that the matter must be remanded for such a determination.

The Attorney General agrees that the matter should be remanded for a determination of defendant's ability to pay the fee.

Government Code sections 29550, 29550.1, and 29550.2 authorize the imposition of a criminal justice administration fee (also known as a booking fee) on an arrestee who is ultimately convicted in order to cover the expenses involved in booking or otherwise processing the arrestee in a county jail. "Which section applies to a given defendant depends on which governmental entity has arrested a defendant before transporting him or her to a county jail." (*McCullough*, *supra*, 56 Cal.4th at p. 592.) In this case, the record reflects that defendant was arrested by a parole agent. The parties agree that section 29550.2 applies in this case.

Section 29550.2 provides that, "[i]f the person has the ability to pay, a judgment of conviction shall contain an order for payment of the amount of the criminal justice administration fee by the convicted person . . . ." (*Id.*, subd. (a).) The prosecution has the burden of proving the defendant's ability to pay the fee by a preponderance of the evidence. (*McCullough*, *supra*, 56 Cal.4th at p. 598.) Further, a defendant has "the right to a determination of his ability to pay the booking fee before the court order[s] payment." (*Id.* at pp. 592-593.)

In this case, the trial court imposed the criminal justice administration fee before determining whether defendant had the ability to pay it. Remand for a determination of defendant's ability to pay is therefore appropriate.

## IV. DISPOSITION

The judgment is reversed.  The matter is remanded for the limited purpose of determining defendant's ability to pay a criminal justice administration fee before reimposing it.

 

 

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

 

WE CONCUR:

 

 

_____
MÁRQUEZ, J.

 

 

_____
GROVER, J.