Filed 5/26/22  P. v. Bautista CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ARIEL ALDO BAUTISTA,<br><br>    Defendant and Appellant. | F082055<br><br>(Super. Ct. No. MCR063642)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Michael J. Jurkovich, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez, Louis M. Vasquez, and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P. J., Franson, J. and Meehan, J.

## INTRODUCTION

Defendant Ariel Aldo Bautista was charged by information with one felony count of assault by means of force likely to produce great bodily injury (GBI) with an attached sentence enhancement for personal infliction of GBI (Pen. Code, §§ 245(a)(4), 12022.7, subd. (a)),[1] and one felony count of battery with infliction of serious bodily injury (§§ 242, 243, subd. (d)).  Pursuant to the parties' plea agreement, the prosecutor amended count 1 to assault with a deadly weapon other than a firearm, in violation of section 245, subdivision (a)(1), and moved to dismiss the sentence enhancement allegation and count 2.  Defendant entered an open plea of guilty to count 1 as amended.

The trial court dismissed the enhancement attached to count 1 and count 2, and sentenced defendant to the upper term of four years in prison.  Relevant to this appeal, the court also imposed the following fines and fees:  a restitution fine of $300 under section 1202.4, subdivision (b)(1); a parole revocation restitution fine of $300 under section 1202.45, subdivision (a), suspended; a court operations assessment of $40 under section 1465.8, subdivision (a)(1); a court facilities assessment of $30 under Government Code section 70373, subdivision (a)(1); a base fine of $200 under section 245, subdivision (a)(1), with a total attached penalty assessment of $620;[2] and a presentence investigation and report fee of $750 under former section 1203.1b.  Defendant filed a timely notice of appeal.

Defendant raises three claims on appeal.  First, in accordance with *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), he claims the court operations assessment of $40 (§ 1465.8, subd. (a)(1)) and the court facilities assessment of $30 (Gov. Code,

---

[1]    All further statutory references are to the Penal Code unless otherwise stated.

[2]    The penalty assessment was as follows:  $200 under section 1464, subdivision (a)(1); $40 under section 1465.7; $100 under Government Code section  70372, subdivision (a); $140 under Government Code section 76000, subdivision (a)(1); $40 under Government Code section 76000.5, subdivision (a)(1); $20 under Government Code section 76104.6, subdivision (a)(1); and $80 under Government Code section 76104.7.

§ 70373, subd. (a)(1)) should be stayed pending an ability-to-pay hearing, and imposition of the $300 restitution fine (§ 1202.4, subd. (b)(1)) without an ability-to-pay hearing violates his constitutional rights. If we conclude he forfeited his challenge to the court assessments and restitution fine by failing to object at sentencing, he claims trial counsel rendered ineffective assistance of counsel. He also claims the presentence investigation and report fee of $750 (former § 1203.1b) should be stricken in light of the passage of Assembly Bill No. 1869 (2019–2020 Reg. Sess.) (Assembly Bill 1869).[3] Finally, in supplemental briefing, defendant seeks remand for resentencing on count 1 in light of Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567), which amended section 1170, subdivision (b).

The People concede defendant is entitled to relief under Assembly Bill 1869 and Senate Bill 567, but contend he forfeited his *Dueñas* claim by failing to object and dispute that trial counsel's failure to object was ineffective. On the merits, they contend any error as to the court assessments was harmless, and imposition of the restitution fine did not violate defendant's constitutional rights.

We conclude that defendant forfeited his challenge to the court assessments and restitution fine, and we reject his ineffective assistance of counsel claim. However, we shall vacate the presentence investigation and report fee in light of Assembly Bill 1869,

---

[3] Section 1237.2 provides that "[a]n appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing…." We note that one Court of Appeal has held that section 1237.2 does not apply to bar an appeal seeking relief based on the passage of Assembly Bill 1869 (*People v. Clark* (2021) 67 Cal.App.5th 248, 254–257), but in any event, defendant filed a motion in the trial court, postappeal, seeking relief from the fine and fees imposed. The trial court denied the motion on March 8, 2021. Subsequently, defendant filed a supplemental brief raising an additional claim not related to fines and fees.

and shall remand the matter to the trial court to resentence defendant in accordance with section 1170, subdivision (b), as amended by Senate Bill 567.

## DISCUSSION

### I. *Dueñas* Claim

Relying on the Court of Appeal's decision in *Dueñas*, defendant claims that imposition of $70 in court assessments under section 1465.8 and Government Code section 70373 without an ability-to-pay hearing was fundamentally unfair; and that imposition of the $300 restitution fine under section 1202.4, subdivision (b), without an ability-to-pay hearing violated his rights under the Eighth Amendment and the due process and equal protection clauses of the Fourteenth Amendment. However, defendant was sentenced in November 2020, almost two years after the decision in *Dueñas*, and he neither objected in the trial court nor requested a hearing on his ability to pay.

The failure to object in the trial court generally forfeits a claim on appeal and this principle is applicable to constitutional claims. (*People v. McCullough* (2013) 56 Cal.4th 589, 593; *In re Sheena K.* (2007) 40 Cal.4th 875, 880–881.) Moreover, "'discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue'" (*In re Sheena K.*, *supra*, at pp. 887–888, fn. 7). Here, defendant was long on notice of the decision in *Dueñas* and, therefore, his failure to object to imposition of the court assessments and restitution fine, or request an ability-to-pay hearing, forfeits the issue.

Anticipating this outcome, defendant claims he received ineffective assistance of counsel. "Under both the Sixth Amendment to the United States Constitution and article I, section 15, of the California Constitution, a criminal defendant has the right to the [effective] assistance of counsel." (*People v. Ledesma* (1987) 43 Cal.3d 171, 215; accord, *People v. Waidla* (2000) 22 Cal.4th 690, 718.) To prevail, defendant "'must satisfy a two-pronged showing: that counsel's performance was deficient, and that [he] was prejudiced, that is, there is a reasonable probability the outcome would have been

4.

different were it not for the deficient performance.'" (*People v. Woodruff* (2018) 5 Cal.5th 697, 736, quoting *People v. Alexander* (2010) 49 Cal.4th 846, 888; accord, *Strickland v. Washington* (1984) 466 U.S. 668, 687; *People v. Mickel* (2016) 2 Cal.5th 181, 198.) To establish deficient performance, defendant must show that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." (*People v. Mai* (2013) 57 Cal.4th 986, 1009; accord, *Strickland v. Washington, supra*, at pp. 687–688; *People v. Mickel, supra*, at p. 198.)

"On appeal, we do not second-guess trial counsel's reasonable tactical decisions." (*People v. Lucas* (2014) 60 Cal.4th 153, 278, disapproved on another ground in *People v. Romero and Self* (2015) 62 Cal.4th 1, 53–54, fn. 19.) "[A] defendant's burden [is] 'difficult to carry on direct appeal,' as a reviewing court will reverse a conviction based on ineffective assistance of counsel on direct appeal only if there is affirmative evidence that counsel had ""'no rational tactical purpose'"" for an action or omission." (*People v. Mickel, supra*, 2 Cal.5th at p. 198, quoting *People v. Lucas* (1995) 12 Cal.4th 415, 437.)

Although defendant argues that trial counsel was ineffective by failing to object, counsel is presumed competent. (*Strickland v. Washington, supra*, 466 U.S. at p. 690.) Further, "a defense counsel's decision whether to object to the imposition of fines and fees can encompass factors beyond a defendant's financial circumstances …." (*People v. Acosta* (2018) 28 Cal.App.5th 701, 707.) "We cannot speculate, given the absence of information before us, what led to defense counsel's decision not to object, but a myopic focus on [the defendant's] financial circumstances that neglects any of the other factors at play in a sentencing hearing may not provide an accurate picture of counsel's strategic calculus." (*Ibid.*)

In this case, the record reflects that at the time of sentencing, defendant was only 52 years old, and he reported good physical and mental health. Defendant denied any drug use; and reported he had abstained from alcohol for 14 years before relapsing in May 2020 and had not had any alcohol since that day. While defendant reported he was

unemployed, he also reported he was supporting himself with savings. Finally, when the trial court took defendant's plea, it advised him it could impose a restitution fine up to $10,000.

Given defendant's age, good health, and existing savings, and his potential exposure to a higher restitution fine, trial counsel could well have determined that there were no meritorious grounds for objecting in this case or requesting an ability-to-pay hearing. (*People v. Thompson* (2010) 49 Cal.4th 79, 122 ["Counsel is not ineffective for failing to make frivolous or futile motions."]; accord, *People v. Bell* (2019) 7 Cal.5th 70, 126–127.) Because the record here does not affirmatively demonstrate "that counsel had ""'no rational tactical purpose'"" for [the] … omission" (*People v. Mickel, supra*, 2 Cal.5th at p. 198), defendant's claim is foreclosed on direct appeal.

In addition, "'[c]ounsel cannot be "ineffective" unless his mistakes have harmed the defense (or, at least, unless it is reasonably likely that they have). Thus, a violation of the Sixth Amendment right to *effective* representation is not "complete" until the defendant is prejudiced.'" (*People v. Hernandez* (2012) 53 Cal.4th 1095, 1105, quoting *United States v. Gonzalez-Lopez* (2006) 548 U.S. 140, 147; accord, *Weaver v. Massachusetts* (2017) ___ U.S. ___, ___ [137 S.Ct. 1899, *1911].) Defendant fails to show that he suffered any prejudice as a result of counsel's failure to object. As such, defendant satisfies neither prong of the inquiry.

## II.     Assembly Bill 1869

Next, "[e]ffective July 1, 2021, Assembly Bill 1869 'eliminate[d] the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and … eliminate[d] all outstanding debt incurred as a result of the imposition of [identified] administrative fees.'" (*People v. Greeley* (2021) 70 Cal.App.5th 609, 625, quoting Stats. 2020, ch. 92, § 2.) Relevant to this case, Assembly Bill 1869 added section 1465.9, which provides, "The balance of any court-imposed costs pursuant to Section 987.4, subdivision (a) of Section 987.5, Sections 987.8, 1203,

1203.1e, 1203.016, 1203.018, 1203.1b, 1208.2, 1210.15, 1463.07, 3010.8, 4024.2, and 6266, as those sections read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (§ 1465.9, subd. (a).)[4]

The trial court imposed a $750 presentence investigation and report fee under former section 1203.1b, subdivision (a). Defendant contends that Assembly Bill 1869 entitles him to relief from any balance of the $750 fee that was unpaid as of July 1, 2021, and requests we strike the fee. The People agree but contend the fee simply becomes automatically uncollectible as of July 1, 2021.[5] We accept the People's concession on the applicability of Assembly Bill 1869, but reject their argument that defendant is not entitled to affirmative relief from the fee. (*People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 953 [express statutory terms entitle the defendant "to the vacatur of that portion of the … fee … that remains unpaid as of July 1, 2021, and to the modification of [the] judgment consistent with such vacatur"]; accord, *People v. Pacheco* (2022) 75 Cal.App.5th 207, 214–215; *People v. Greeley, supra*, 70 Cal.App.5th at pp. 626–627; *People v. Clark, supra*, 67 Cal.App.5th at pp. 259–260.)

Pursuant to the plain language of section 1465.9, subdivision (a), as of July 1, 2021, any unpaid balance from the presentence investigation and report fee imposed under former section 1203.1b, subdivision (a), is unenforceable and uncollectible. (*People v. Pacheco, supra*, 75 Cal.App.5th at p. 215; accord, *People v. Greeley, supra*, 70

---

[4]     Assembly Bill 1869 also added Government Code section 6111, which provides, "On and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to Section 27712, subdivision (c) or (f) of Section 29550, and Sections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Gov. Code, § 6111, subd. (a).)

[5]     The People dispute any entitlement to relief from the report fee balance as it stood prior to July 1, 2021, to the extent that argument is advanced. We do not interpret defendant's brief to include a claim for relief from the balance prior to July 1, 2021, and, therefore, we do not further address the People's argument on this point.

Cal.App.5th at pp. 626–627; *People v. Lopez-Vinck, supra*, 68 Cal.App.5th at p. 954; *People v. Clark, supra*, 67 Cal.App.5th at p. 260.)  Therefore, we shall vacate any balance of the presentence investigation and report fee that remained unpaid as of July 1, 2021.

## III.    Senate Bill 567

Finally, when the trial court sentenced defendant in 2020, it selected the upper term on count 1, finding that the aggravating factors "preponderate."  While this matter was pending appeal, the Legislature enacted Senate Bill 567, effective January 1, 2022.  As amended, section 1170, subdivision (b)(1)–(3), provides:

> "(b)  [¶]  (1)      When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph(2).
>
> "(2)    The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.  Except where evidence supporting an aggravating circumstance is admissible to prove or defend against the charged offense or enhancement at trial, or it is otherwise authorized by law, upon request of a defendant, trial on the circumstances in aggravation alleged in the indictment or information shall be bifurcated from the trial of charges and enhancements.  The jury shall not be informed of the bifurcated allegations until there has been a conviction of a felony offense.
>
> "(3)    Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury.  This paragraph does not apply to enhancements imposed on prior convictions."

Defendant argues that Senate Bill 567 is retroactive to cases not yet final on appeal under *In re Estrada* (1965) 63 Cal.2d 740.  The People concede this point, and we accept their concession.  (*People v. Banner* (2022) 77 Cal.App.5th 226, 240; *People v. Garcia*

(2022) 76 Cal.App.5th 887, 902; *People v. Flores* (2022) 75 Cal.App.5th 495, 520; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

The parties also agree that defendant is entitled to remand for resentencing under Senate Bill 567. This case was resolved by a plea bargain pursuant to which defendant stipulated that he committed assault with a deadly weapon. The trial court subsequently selected the upper term based on the probation officer's findings and recommendation, and stated, "[I]n considering both [California Rules of Court, rules] 4.421 and 4.423, the Court does find the factors in aggravation preponderate and support implementation of the highest term in state prison."

"'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court,'" and where the defendant has been sentenced in the absence of informed discretion, " the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.'" (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391; accord, *People v. Flores* (2020) 9 Cal.5th 371, 431–432.) In light of the amendment of section 1170, subdivision (b), pursuant to Senate Bill 567; the minimal record in this case given disposition by plea; and the absence of clear indication in the record that remand would be futile, we accept the People's concession that remand is the appropriate remedy. On remand, the trial court shall reconsider its sentencing choice and impose the term it determines is appropriate under section 1170, subdivision (b), as amended by Senate Bill 567.[6] (*People v. Garcia, supra*, 76 Cal.App.5th at pp. 902–903.)

---

[6] Because defendant entered an open plea, the trial court has the discretion to select the appropriate term. (*People v. Henderson* (2021) 67 Cal.App.5th 785, 789.)

9.

**DISPOSITION**

Defendant's sentence on count 1 is vacated and this matter is remanded to the trial court for resentencing in accordance with section 1170, subdivision (b), as amended by Senate Bill 567; and any balance of the presentence investigation and report fee imposed under former section 1203.1b remaining unpaid as of July 1, 2021, is vacated. Following resentencing, the trial court shall forward an amended abstract of judgment to the appropriate authorities. The judgment is otherwise affirmed.