Filed 6/30/23  P. v. Behnke CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SCOTT RAYMOND BEHNKE,<br><br>    Defendant and Appellant. | D080808<br><br><br>(Super. Ct. No. SCD183245) |


APPEAL from a judgment of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Reversed; remanded with directions.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

In 2006, a jury convicted Scott Raymond Behnke of first degree murder (Pen. Code,[1] § 187, subd. (a)) and found true that he used a knife in the commission of that crime (§ 12022, subd. (b)(1)). The court sentenced Behnke to prison for 25 years to life for the murder conviction plus an additional year for the knife enhancement.

We affirmed the judgment in an unpublished opinion. (See *People v. Behnke* (Mar. 14, 2008, D049282).)

In 2019, the Secretary of the California Department of Corrections and Rehabilitation (CDCR) sent the superior court a letter noting Behnke's commendable behavior and accomplishments in prison. The Secretary recommended that the court recall Behnke's sentence and resentence Behnke to a lesser term under section 1172.1.

Following briefing from the parties, the superior court declined to resentence Behnke, explaining that absent the prosecution's assent, it lacked discretion to reduce the first degree murder conviction and impose a lesser sentence.

Behnke appeals, arguing the superior court erred (1) in determining that a "blanket exclusion" exists under section 1172.1 prohibiting a court from resentencing a person convicted of murder upon receiving a CDCR recommendation for resentencing and (2) failing to consider whether the enhancement could be stricken. We agree that the court had the discretion to strike the enhancement and resentence Behnke accordingly. Further, it does not appear on the record that the court properly considered this option. As such, we remand this matter to allow the superior court to consider the CDCR's recommendation and whether the enhancement should be stricken. Further, we agree with the parties that the superior court was correct that it

---

[1]     Statutory references are to the Penal Code unless otherwise specified.

could not change Behnke's first degree murder conviction to a lesser included offense without the prosecution's consent. As such, on remand, the superior court is only to consider striking the enhancement and then resentencing Behnke if necessary.

FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of Behnke's murder conviction are not relevant to the issues before us. Suffice it to say, Behnke strangled and stabbed the victim with a knife.

On August 22, 2019, the Secretary of the CDCR sent the superior court a recommendation to recall Behnke's sentence pursuant to section 1172.1. The recommendation enclosed a cumulative case summary and evaluation report, identifying factors that supported the CDCR's recommendation for recall of Behnke's commitment and resentencing. Specifically, the recommendation detailed that Behnke had not received any serious disciplinaries since February 2007, completed Masonry Level I through III, and was active in Artis in Corrections. Behnke also provided assistance to at-risk youth and participated in multiple self-help classes.

The superior court appointed counsel to represent Behnke and set the matter for hearing. Behnke thereafter retained counsel, who filed a memorandum of points and authorities in support of resentencing as well as numerous documents in support thereof. Behnke requested his judgment be modified to second degree murder or voluntary manslaughter.

The prosecution opposed both the Secretary's recommendation and Behnke's request for modification of the jury verdict. In addition to arguing that Behnke's rehabilitation and circumstances did not warrant recall and resentencing, the prosecution maintained that the superior court had no

3

authority to reduce Behnke's conviction and that the knife enhancement should not be stricken.

On July 28, 2022, the superior court denied Behnke's request for modification of his conviction. To this end, the court determined it did not have authority to reduce Behnke's conviction for first degree murder without the prosecution's consent. It does not appear in the record that the court considered its discretion to strike the enhancement.

Behnke timely appealed the order.

DISCUSSION

Section 1172.1 (formerly section 1170.03)[2] provides a procedure by which a court may "at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of a defendant incarcerated in state prison . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence." (§ 1172.1, subd. (a)(1).) "The CDCR recommendation furnishes the court with jurisdiction it would not otherwise have to recall and resentence and is 'an

---

[2]      Assembly Bill No. 1540 (2021-2022 Reg. Sess.) moved the recall and resentencing provisions of former section 1170, subdivision (d)(1) to section 1170.03, effective January 1, 2022. (Stats. 2021, ch. 719, § 2.) It also clarified many of the required procedures under this section. (See *People v. McMurray* (2022) 76 Cal.App.5th 1035, 1041 (*McMurray*) ["[T]he Legislature repeatedly indicated that Assembly Bill No. 1540 was intended to 'make clarifying changes' to former  section 1170(d)(1), including specifying the required procedure and guidelines when the CDCR recommends recall and resentencing"].) Assembly Bill No. 200 (2021-2022 Reg. Sess.) then renumbered section 1170.03 to section 1172.1, effective June 30, 2022, but made no substantive changes. (Stats. 2022, ch. 58, § 9.) For the sake of clarity and consistency, we refer to section 1172.1 when addressing the statute governing the petition for resentencing.

4

invitation to the court to exercise its equitable jurisdiction.' " (*McMurray*, *supra*, 76 Cal.App.5th at p. 1040.)

This section provides, where a resentencing request is made, there is now a presumption in favor of recall and resentencing of the defendant, " 'which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety,' " as defined in subdivision (c) of section 1170.18. (*McMurray*, *supra*, 76 Cal.App.5th at p. 1040; accord § 1172.1, subd. (b)(2).) Additionally, "[w]here, as here, the CDCR recommends recall and resentencing, the court is also now required to hold a hearing (unless the parties otherwise stipulate), state on the record its reasons for its decision, provide notice to the defendant, and appoint counsel for the defendant." (*McMurray*, at p. 1040; accord § 1172.1, subds. (a)(6)-(8), (b)(1).) Furthermore, when recalling and resentencing pursuant to its provisions, the court "shall . . . apply any changes in law that reduce sentences or provide for judicial discretion." (§ 1172.1, subd. (a)(2); *McMurray*, at p. 1040; *People v. Pierce* (2023) 88 Cal.App.5th 1074, 1078.)

The jury convicted Behnke of first degree murder. Below, per section 1172.1, Behnke requested that the superior court vacate the judgment against him and impose judgment on either second degree murder or voluntary manslaughter, either of which would have reduced Behnke's sentence. The court had the discretion to take such action only if the prosecution agreed. (§ 1172.1, subd. (a)(3)(B).) However, it is undisputed that the prosecution did not concur with Behnke's request. Thus, the court could not alter Behnke's first degree murder conviction. (*Ibid*.) And Behnke makes clear that he is not challenging the superior court's denial to vacate his judgment and impose judgment on a lesser included offense here.

Rather, Behnke argues the superior court erred in failing to consider the CDCR's recall and resentencing recommendation regarding the enhancement under section 12022, subdivision (b)(1). The People concede that the superior court could have done so but argue Behnke forfeited this claim because he did not ask the trial court to strike the enhancement or draw the court's attention to it during the hearing. (See *People v. McCullough* (2013) 56 Cal.4th 589, 593.)

On the record before us, we do not find forfeiture. During the hearing, it was clear that the superior court believed it could not resentence Behnke. The court noted:

> "In this particular case, the jury rendered a verdict. The verdict was first degree murder. It was supported by the evidence. And there's—I don't think this statute authorizes me to adjust the jury's verdict. I think the statute really speaks more to if he had been convicted of a gang allegation or convicted of some other—some drug allegation, a drug case or something that this statute is trying to address that and not address the situation where we have here where he got convicted of first degree murder."

In addition, the parties focused on this issue during the hearing.

Considering the focus of the hearing and the court's conclusion that it lacked authority to resentence Behnke absent the prosecution's consent, we agree with Behnke that it would have been futile for his counsel to argue that the enhancement should be stricken. (See *People v. Welch* (1993) 5 Cal.4th 228, 237 [failure to raise issue at trial excused where it would be futile to do so]; *People v. Brooks* (2017) 3 Cal.5th 1, 92 [same].) Moreover, the issue of striking the enhancement was clearly before the court. Indeed, in its opposition, the prosecution explicitly argued that the court should not strike the enhancement.

6

In short, the parties agree that the court had discretion, under section 1172.1, to consider striking the knife enhancement. There is no indication in the record that the superior court realized that it had such discretion. "A failure to exercise discretion also may constitute an abuse of discretion." (*People v. Sandoval* (2007) 41 Cal.4th 825, 847-848.) Accordingly, this matter must be remanded to allow the court to exercise its discretion and determine whether the enhancement under section 12022, subdivision (b)(1) should be stricken and Behnke resentenced accordingly.

## DISPOSITION

The order is reversed. We remand this matter to the superior court to consider whether it should strike the knife enhancement and resentence Behnke accordingly.

HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


IRION, J.