Filed 3/17/25  P. v. Parker CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>CHARLES JOSEPH PARKER,<br><br>        Defendant and Appellant. | B335705<br><br>Los Angeles County<br>Super. Ct. No. NA091850 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Tomson T. Ong, Judge.  Affirmed as modified and remanded with instructions.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

The trial court resentenced defendant Charles Joseph Parker after it received a letter from the California Department of Corrections and Rehabilitation.  On appeal, Parker contends the court erred in imposing a higher restitution fine, calculating his conduct as well as actual credits, and ordering him to pay a jail booking fee.  The Attorney General agrees with two of these three contentions.  We affirm the judgment but remand the matter with instructions for the court to correct the abstract of judgment to reflect the original, lower restitution fine, to strike the jail booking fee, and to calculate Parker's actual credits only.

## FACTS AND PROCEDURAL BACKGROUND

In 2012, the People charged Parker with a lewd act on a child under 14 (count 1) and attempting to kidnap a child under 14 (count 2).  The People alleged Parker had prior convictions for forcible rape and robbery—both strikes as well as serious felony priors under Penal Code section 667, subdivision (a)(1).  The People alleged Parker had served three prior prison terms under Penal Code section 667.5, subdivision (b).  On August 28, 2012, Parker entered into a plea agreement with the People.  Parker pleaded no contest to the lewd act count.  He admitted the priors.

In accordance with the plea agreement, the court struck the robbery strike and sentenced Parker to a determinate term of 24 years (instead of the third strike sentence he had been facing).  In accordance with Parker's agreement with the prosecution, the court imposed the upper term of eight years, doubled because of the strike, plus five years for the serious felony prior (rape) and three years for the three prison priors.  The court ordered Parker to pay a restitution fine of $5,760.  The court dismissed count 2.

In December 2022 the court apparently received a letter from the California Department of Corrections and

2

Rehabilitation regarding Parker's prison priors.[1] The court appointed counsel for Parker. In April 2023 Parker filed a waiver of his personal presence for resentencing.

On October 30, 2023, the trial court resentenced Parker to a term of 21 years, calculated as the upper term, doubled, plus the five year serious felony prior. The court ordered Parker to pay a restitution fine of $10,000 and a jail booking fee of $266.52. The court awarded Parker 4,230 days of actual credit, plus 634 days good time/work time, for total credits of 4,864 days.

## DISCUSSION

On appeal, Parker raises three issues: (1) the court erred in increasing the restitution fine and parole revocation fine from $5,760 to $10,000; (2) the court erred by calculating Parker's total credits rather than updating the number of actual days and leaving the computation of conduct credits to the CDCR; and (3) the court improperly imposed a jail booking fee that had not been ordered at his 2012 sentencing. The Attorney General agrees with Parker's first two contentions. He disagrees, however, with Parker's third contention.

As the parties agree, *People v. Hanson* (2000) 23 Cal.4th 355, 357 prohibits a trial court from increasing a restitution fine at resentencing. The Attorney General states the abstract of judgment should be corrected to reflect a $5,760 restitution fine and a $5,760 parole revocation fine. We agree.

As the parties also agree, a court has a duty to determine a defendant's presentence custody credits at the time of sentencing. (Pen. Code, § 2900.5, subd. (d).) At the original sentencing, the court should calculate both presentence and

---

[1] The record on appeal does not include the CDCR letter.

3

conduct credits.  (*People v. Buckhalter* (2001) 26 Cal.4th 20, 30, 33.)  However, when a prison term already in progress is modified, the sentencing court should recalculate and credit against the modified sentence all actual time the defendant already has served.  But a convicted felon once sentenced, committed, and delivered to prison who is later resentenced does not regain presentence status.  Accordingly, CDCR —rather than the trial court—remains responsible for administering conduct credits between the original sentencing and the resentencing.  (*Id*. at pp. 29–31, 37, 40–41.  See also *People v. Sek* (2022) 74 Cal.App.5th 657, 673 [it is the job of the department, not the court, to calculate and apply "conduct credit for time following the original sentencing hearing"].)

The parties disagree on the third issue:  the jail booking fee.  Former Government Code section 29550.2, subdivision (a) required a judgment of conviction to contain an order for payment of a booking fee if the person had the ability to pay.  (See *People v. McCullough* (2013) 56 Cal.4th 589, 592.)  However, as of July 1, 2021, Assembly Bill No. 1869 (2019–2020 Reg. Sess.) eliminated the authority to impose and collect the balance of different administrative fees, such as booking fees.  (Stats. 2020, ch. 92, §§ 11, 25.)  Government Code section 6111, subdivision (a) now provides, "On and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to . . . Section[ ] . . . 29550.2 . . . is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated."  (See *People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 950–954.)  The Attorney General does not address this legislative change but merely argues that an "unauthorized sentence may be corrected at any time."

## DISPOSITION

We remand this case with instructions for the trial court (1) to correct the minute order and abstract of judgment to reflect a $5,760 restitution fine and a $5,760 parole revocation fine; (2) to calculate Parker's actual credits only; and (3) to strike the jail booking fee. We otherwise affirm the judgment.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EGERTON, J.


We concur:



EDMON, P. J.



ADAMS, J.