Filed 7/29/25  P. v. Perez CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B334131 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA087072) |
| v. | |
| JOHN PEREZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Affirmed as modified.

Diane E. Berley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant

Attorney General, Stephanie C. Brenan and Gabriel Bradley, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————

In 2011, defendant and appellant John Perez pled no contest to possession of methamphetamine and possession of a firearm by a felon.  Pursuant to the plea, the trial court imposed a 14-year sentence, which included one upper term and three one-year prior prison term enhancements.  In 2023, Perez was resentenced under Penal Code section 1172.75.  The trial court struck the now-invalid one-year prior prison term enhancements and, at Perez's request, reimposed the remainder of the stipulated sentence, totaling 11 years.

On appeal, Perez challenges the imposition of the upper term for his possession conviction based on Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill No. 567), which limits the trial court's ability to impose upper term sentences absent a stipulation by a defendant or a finding of aggravating circumstances by a trier of fact.  We conclude Perez forfeited the contention, direct the trial court to amend the abstract of judgment to reflect the calculation of Perez's actual custody credits, and otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2010, police pulled Perez over on suspicion of driving under the influence.  Officers saw an open can of beer inside Perez's car.  They detained Perez and conducted a pat down search, during which they discovered Perez was wearing body armor.  Officers also found six baggies of approximately 5.5 grams of methamphetamine and recovered a loaded firearm, loaded handgun magazines, bullets, and hypodermic needles from the car.

2

The People filed a five-count felony information against Perez alleging possession for sale of a controlled substance (Health & Saf. Code, § 11378; count 1); sale/offer to sell/transportation of a controlled substance (*id*., § 11379, subd. (a); count 2); possession of a firearm by a felon (Pen. Code, former § 12021, subd. (a)(1); count 3);[1] possession of ammunition (former § 12316, subd. (b)(1); count 4); and possession of body armor (former § 12370, subd. (a); count 5).  As to counts 1 and 2, the information alleged Perez was personally armed with a firearm (§ 12022, subd. (c)).  As to all counts, the information alleged Perez served five prior prison terms (§ 667.5, former subd. (b)) and suffered two prior strikes (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

In 2011, Perez pled no contest to counts 1 and 3, and the firearm enhancement, in exchange for a 14-year sentence. Pursuant to the plea, he also admitted three of the prior prison terms and one strike conviction.  On count 1, the trial court sentenced Perez to 14 years: the upper term of three years, doubled to six years for the prior strike, plus five years for the firearm enhancement and one year for each of the three prior prison terms.  The court stayed the sentence on count 3 and dismissed the remaining counts.[2]

In 2022, pursuant to section 1172.75, the Secretary of the California Department of Corrections and Rehabilitation (CDCR) identified Perez as an individual serving a term for a judgment

---

[1]    All further undesignated statutory references are to the Penal Code.

[2]    In 2012, Perez was convicted of murder in Riverside County and sentenced to 100 years to life.

including an enhancement under section 667.5, subdivision (b).[3] The trial court determined Perez might be entitled to resentencing, set a status conference, and appointed counsel.

In 2023, Perez filed a resentencing memorandum requesting that the trial court strike the three one-year terms imposed under section 667.5, subdivision (b), for his three prior prison terms. Perez asked the trial court to recall his sentence and resentence him to 11 years.[4] The People agreed. Perez made no additional requests at the hearing. The court struck Perez's three one-year priors and resentenced Perez to 11 years.

Perez timely appealed.

## DISCUSSION

### I. Perez Forfeited the Argument He Raises on Appeal

On appeal, Perez argues that the trial court's reimposition of the upper term on count 1 was improper under Senate Bill No. 567's amendments to section 1170, subdivision (b)(2). In 2022, Senate Bill No. 567 amended the Penal Code to limit the

---

[3] Senate Bill No. 483 (2021–2022 Reg. Sess.) declared most one-year enhancements for prior prison terms under section 667.5, subdivision (b), legally invalid. The bill enacted former section 1171.1, now section 1172.75, which requires that the Secretary of the CDCR identify persons in custody currently serving a term for these enhancements and provide such individuals' information to the relevant sentencing courts. (§ 1172.75, subd. (b).)

[4] The memorandum argued: "Even though [Perez's] calculated minimum release date will continue to be September 29, 2112, at the end of this case, Mr. Perez has earned and could receive more equitable classification and access to programming inside the prison because of a time served sentence in this case and because of less convoluted sentencing calculations."

4

sentencing discretion of trial courts by making the middle term of a sentencing triad the presumptive sentence. (§ 1170, subd. (b)(1); Stats. 2021, ch. 731, § 1.3.) Under the amended statute, courts may impose an upper term only if facts supporting aggravating circumstances "have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).)

The People contend that Perez forfeited this argument on appeal by failing to raise it in the trial court.[5] Perez does not present any argument on appeal to oppose a finding of forfeiture. We conclude Perez failed to preserve the argument for appeal.

"Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal." (*In re Sheena K.* (2007) 40 Cal.4th 875, 880 (*Sheena K.*).) "In general, the forfeiture rule applies in the context of sentencing as in other areas of criminal law." (*Id.* at p. 881; see also *People v.*

---

[5] The People also argue that Perez's argument fails on its merits because Senate Bill No. 567 does not apply to upper term sentences the defendant stipulated to as part of a plea agreement. Perez does not respond to this argument in his reply brief.

The Courts of Appeal are divided on whether amended section 1170 applies in the context of a stipulated plea agreement. The issue is pending before the California Supreme Court. (See *People v. Todd* (2023) 88 Cal.App.5th 373, review granted April 26, 2023, S279154 (*Todd*); *People v. Mitchell* (2022) 83 Cal.App.5th 1051, review granted Dec. 14, 2022, S277314.) Because we decline to reach the merits of Perez's forfeited argument, we do not address the split of authority.

*McCullough* (2013) 56 Cal.4th 589, 594 (*McCullough*); *People v. Scott* (1994) 9 Cal.4th 331, 353.)

 *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455 (*Brannon-Thompson*) is instructive.  In *Brannon-Thompson*, the trial court sentenced the defendant to an upper term for shooting at an occupied vehicle and imposed a one-year enhancement for a prior prison term, pursuant to a plea agreement, in 2018.  (*Id*. at pp. 461–462.)  In 2022, the trial court recalled the defendant's sentence and set his case for resentencing pursuant to section 1172.75.  (*Id*. at p. 462)  The defendant filed a brief requesting that the court dismiss his prior prison term enhancement and grant him the ameliorative benefits of other resentencing legislation, but did not ask for a reduction of his upper term to the presumptive midterm under Senate Bill No. 567.  (*Id*. at pp. 462–463.)  The trial court struck the defendant's prior prison term enhancement and left the rest of the defendant's sentence intact, including the upper term.  (*Id*. at p. 463.)

 On appeal, the defendant argued that the trial court erred by reimposing his upper term in contravention of Senate Bill No. 567's amendments.  (*Brannon-Thompson*, *supra*, 104 Cal.App.5th at p. 464.)  The court found the defendant had forfeited his contention by failing to raise it below.  (*Ibid*.)  The court noted that the defendant was resentenced after Senate Bill No. 567's amendments went into effect; the defendant's resentencing memorandum did not challenge the trial court's imposition of the upper term based on aggravating circumstances; and the defendant did not object in response to the trial court's reimposition of the upper term, despite having the opportunity to do so.  (*Ibid*.)

The circumstances in this case are similar to those in *Brannon-Thompson*. Here, during his resentencing proceedings, Perez did not request that the trial court reduce the upper term imposed on count 1 pursuant to Senate Bill No. 567. His petition requested only that the court strike the now invalid one-year enhancements for his prior prison terms. Moreover, like the trial court in *Brannon-Thompson*, the court here stated on the record that the rest of Perez's sentence was "unchanged" and afforded both parties an opportunity to raise further issues. Perez's counsel did not object to the re-imposition of the upper term or otherwise request a reduction to the midterm. Perez's failure to argue he was entitled to a lesser sentence pursuant to Senate Bill No. 567 constitutes a forfeiture of that argument on appeal. (See *People v. Tilley* (2023) 92 Cal.App.5th 772, 778 [defendant's failure to seek lower term, object to imposition of higher term, or argue mitigating factors under amended § 1170, subd. (b)(6) forfeited claim on appeal]; see also *Brannon-Thompson*, *supra*, 104 Cal.App.5th at p. 465 [defendant must object in trial court to preserve issue on appeal regardless of trial court's statutory duty to consider changes in law].)

Indeed, Perez's conduct below was more than tacit agreement to the retention of the upper term. Perez's resentencing memorandum unequivocally requested that the court resentence him to 11 years, which included the upper term on count 1. The trial court adopted the sentence Perez requested. That Perez affirmatively proposed the sentence he received provides an even stronger basis for us to conclude that he may not now challenge that sentence on appeal. (*People v. Anderson* (2023) 88 Cal.App.5th 233, 242 [finding forfeiture where defendant not only failed to object to imposition of upper term but

7

also counsel "repeatedly suggested the court sentence Anderson to the upper term on count 3"]; see *People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 49 (*Coffman and Marlow*) [under doctrine of invited error, if defense counsel caused the trial court to err, appellant cannot complain on appeal].)

We note that, as the People suggest, defense counsel may have had a legitimate tactical reason for requesting that, after striking the invalid prior prison term enhancements, the trial court reimpose the sentence in accordance with the prior stipulated plea agreement. (See *Coffman and Marlow*, *supra*, 34 Cal.4th at p. 49 ["In cases involving an action affirmatively taken by defense counsel, we have found a clearly implied tactical purpose to be sufficient to invoke the invited error rule."].) As explained in Perez's resentencing memorandum, Perez asserted he had actual custody credits of 4,719 days, or almost 13 years, which exceeded the requested 11-year sentence, entitling him to ask for time served. Seeking the application of Senate Bill No. 567 to reduce the previously imposed sentence created a risk that, if the relief was granted, the trial court would be required to "withdraw approval for the plea agreement and return the parties to the status quo." (*Todd*, *supra*, 88 Cal.App.5th at pp. 381–382, review granted; *People v. Stamps* (2020) 9 Cal.5th 685, 707–708; *People v. Fox* (2023) 90 Cal.App.5th 826, 835.) Defense counsel and Perez could reasonably have concluded that seeking a sentence with credit for time served was the better outcome.

In his reply brief on appeal, Perez does not address the issue of forfeiture, and instead simply cites *People v. Lynch* (2024) 16 Cal.5th 730, for the proposition that the trial court's failure to state on the record its grounds for imposing the upper term violated the Sixth Amendment and required remand for

8

resentencing to the middle term.  However, *Lynch* does not change the result here.  *Lynch* addressed whether defendants whose sentences were not yet final when Senate Bill No. 567 became law, and who received upper term sentences under the prior version of the statute, "are entitled to an automatic sentencing reversal and remand, or whether the appellate court should review the question under some form of prejudice analysis."  (*Lynch*, at p. 749.)  The high court concluded that a prejudice analysis under *Chapman v. California* (1967) 386 U.S. 18, is appropriate in such cases.  (*Lynch*, at pp. 759–761.)  *Lynch* did not concern forfeiture, a stipulated plea, or the reimposition of an upper term during resentencing under section 1172.75.  (*Lynch*, at pp. 744–745 [defendant sentenced to upper term in 2021 after jury trial and challenged upper term in 2022 appeal].)

Moreover, even if the trial court's reimposition of the upper term at resentencing implicated Perez's constitutional rights, it does not require our review.  " ' "[A] constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." ' [Citations.]"  (*Sheena K.*, *supra*, 40 Cal.4th at pp. 880–881; *McCullough*, *supra*, 56 Cal.4th at p. 593 ["neither forfeiture nor application of the forfeiture rule is automatic"].)  Here, since Senate Bill No. 567 amended section 1170, subdivision (b), well before Perez was resentenced; he expressly asked for the sentence he received; there were legitimate and apparent reasons for Perez to request the sentence he now challenges on appeal; and he has failed to advance any argument on appeal to suggest the forfeiture should be excused or the merits nonetheless considered, we find application of the forfeiture rule appropriate.  (Cf. *People*

9

*v. Gonzalez* (2024) 107 Cal.App.5th 312, 326–327 [declining to find forfeiture where defense counsel did not request the middle or lower term, but did not affirmatively request the upper term; defendant raised ineffective assistance of counsel claim on appeal; and the issue implicated a constitutional right].)

## II. Remand Is Necessary For Amendment of the Abstract of Judgment to Reflect the Calculation of Perez's Actual Custody Credits

Finally, we note that the abstract of judgment reflecting Perez's resentencing does not include a calculation of actual custody credits. At the resentencing hearing, defense counsel informed the court that Perez had 4,719 days of actual credit. The court responded, "So that's what we will indicate. Credit 4,719 actual including prison commitment." The minute order reflects that defense counsel indicated Perez had 4,719 days of actual credit and the court directed the "CDCR to calculate and determine defendant's total credits earned since date of defendant's original sentence on March 11, 2011." However, the abstract of judgment does not reflect Perez's actual credits.

When a defendant is resentenced, "the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29.) The CDCR has the authority " 'to award credits earned for good behavior and approved rehabilitative or educational achievements.' " (*People v. Dean* (2024) 99 Cal.App.5th 391, 397, quoting Cal. Const., art. I, § 32, subd. (a)(2).) The abstract of judgment must therefore be

corrected to reflect the determination of Perez's actual custody credits.

## DISPOSITION

The case is remanded to the trial court with directions to amend the abstract of judgment to reflect Perez's actual custody credits. The trial court shall forward the corrected abstract of judgment to the California Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

EGERTON, J.