Filed 12/22/25  In re D.Z. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re D.Z., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | C103897 |
| Plaintiff and Respondent, | (Super. Ct. No. JVJJ000027) |
| v. | |
| D.Z., | |
| Defendant and Appellant. | |

D.Z. was found guilty of murder in adult criminal court for a homicide that a codefendant committed during an attempted carjacking when D.Z. was a minor.  At sentencing, D.Z. was ordered to pay a $10,000 restitution fine and over $9,000 in direct victim restitution, which he fully paid.  Later, after his murder conviction was vacated under Penal Code section 1172.6 and the matter transferred back to the juvenile court for resentencing, the juvenile court reset the restitution fine at $0 and assessed D.Z. for 25 percent of direct victim restitution.

1

On appeal, D.Z. contends the juvenile court should have ordered the state to fully reimburse him for the $10,000 restitution fine and the amount of the direct victim restitution he had previously paid that exceeded his 25 percent allocation. We agree and will remand the matter to the juvenile court for further proceedings regarding the reimbursement of restitution.

BACKGROUND

When D.Z. was 17 years old, he participated in an attempted carjacking with codefendant Mikhael Vlasov, who fatally shot the victim C.C. (*People v. Zhuk* (July 18, 2008, C047365) [nonpub. opn.] (*Zhuk I*).)[1] A month later, D.Z. unsuccessfully attempted to steal K.W.'s car. D.Z. was also accused of attempting to carjack a third person, I.W., while armed the night before C.C. was murdered.

A jury found D.Z. guilty of the murder, attempted carjacking and attempted robbery of C.C., as well as the attempted carjacking of K.W. The jury found D.Z. not guilty of the attempted robbery and assault with a firearm of I.W. The trial court sentenced D.Z. to life without the possibility of parole, and this court affirmed his convictions on appeal. (*Zhuk I, supra*, C047365.) D.Z.'s sentence was later reduced to 25 years to life. (*Zhuk II, supra*, C093995.) During the initial sentencing hearing, the trial court imposed a $10,000 restitution fine and set direct victim restitution at $9,014.25. D.Z. paid each of those financial obligations in full.

Nearly two decades later, D.Z. filed a petition for resentencing under Penal Code section 1172.6. Following an evidentiary hearing, the trial court granted D.Z.'s petition

---

[1]     We construed D.Z.'s request to take judicial notice of this court's prior unpublished decisions in *Zhuk I, supra*, C047365 and *People v. Zhuk* (Aug. 23, 2022, C093995) [nonpub. opn.] (*Zhuk II*) as a motion to incorporate by reference and granted it as such.

and vacated his murder conviction.  The case was then transferred back to juvenile court for resentencing.

In July 2024, the People filed a subsequent delinquency petition, alleging the attempted carjacking and attempted robbery of C.C. and the attempted carjacking of K.W., and a motion to transfer D.Z. back to adult criminal court because he was not fit to be dealt with in juvenile court.  The matter was set for a settlement conference and a Welfare and Institutions Code section 707 transfer hearing.

At a hearing in November 2024, the juvenile court granted the People's motion to dismiss the delinquency petition and the Welfare and Institutions Code section 707 transfer motion in the interest of justice.  During the hearing, defense counsel asked the juvenile court to seal D.Z's records and to "order the Sacramento County Department of Revenue and Recovery to reimburse [D.Z.] for the fine that was ordered.  So he had a $10,000 fine that he's paid in full."  Defense counsel argued that because "everything is now being dismissed," D.Z. "should no longer have a $10,000 fine.  I think that actually applies to victim restitution as well," although counsel conceded "[t]hat is obviously a more sticky issue."  Counsel "ask[ed] the Court today to order the fine refunded to [D.Z.] of [$]10,000 and reserve the issue on victim restitution."  The juvenile court set a further hearing to consider potential reimbursement of the restitution fine and direct victim restitution.

At a hearing in February 2025, defense counsel argued the state should reimburse D.Z. for the entire $10,000 restitution fine and at least a portion of the over $9,000 direct victim restitution award, which the parties and the juvenile court had confirmed had each been paid in full.  Without objection, the juvenile court continued the matter to further consider the reimbursement issues.

At a continued hearing in March 2025, the juvenile court lifted the previous dismissal order of the July 2024 delinquency petition and sustained the petition in full.  The juvenile court found the $10,000 restitution fines previously imposed in adult

3

criminal court were primarily attributable to his vacated murder conviction, and that, in any event, the restitution fines no longer applied in juvenile court based on a recent change in the law. The juvenile court therefore set the restitution fines at $0. The parties also agreed that D.Z. should be assessed 25 percent of the direct victim restitution amount for a total of $2,253.56, which the juvenile court found D.Z. had paid in full. The court then terminated D.Z.'s juvenile wardship, dismissed the juvenile adjudications, and sealed his records.

D.Z. timely appealed the juvenile court's restitution orders.

DISCUSSION

Relying primarily on *Nelson v. Colorado* (2017) 581 U.S. 128, D.Z. contends he has a due process right to a refund of the $10,000 restitution fine and $6,760.69 in direct victim restitution (the previously paid amount that exceeds his allotted 25 percent share). In *Nelson*, the United States Supreme Court held that when a criminal conviction is invalidated and a defendant will not be retried, the Fourteenth Amendment's guarantee of due process obligates the state to refund fees, court costs, and restitution exacted from the defendant upon, and as a consequence of, the no longer valid conviction. (*Nelson*, at p. 130.)

The People concede D.Z. is entitled to be reimbursed, but they argue he has forfeited his reimbursement claim by failing to raise it at the final restitution hearing, instead acquiescing in the juvenile court's order that did not address reimbursement. (See *Lopez v. Ledesma* (2022) 12 Cal.5th 848, 866 [generally " '[a] reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court' "].) The People also note that even if forfeited, D.Z. can still pursue reimbursement by filing a civil claim for a refund under Government Code section 900 et seq.

We conclude D.Z. did not forfeit his reimbursement claim on appeal. (*People v. McCullough* (2013) 56 Cal.4th 589, 593 ["neither forfeiture nor application of the

4

forfeiture rule is automatic," and "[c]ompeting concerns may cause an appellate court to conclude that an objection has not been forfeited"].) D.Z.'s trial counsel argued at multiple restitution hearings that the juvenile court should order D.Z. be reimbursed for the full amount of the $10,000 restitution fine previously imposed in adult criminal court, which was based on the now-vacated murder conviction that was not retried and which fine no longer applied in juvenile court proceedings. (See Welf. & Inst. Code, § 730.6, subd. (a)(2) ["The court shall not impose a separate and additional restitution fine against a minor found to be a person described in Section 602"].) Defense counsel also asked the juvenile court to reimburse D.Z. for at least a portion of the direct victim restitution award not attributable to him. (See Welf. & Inst. Code, § 730.6, subd. (b)(3) ["For the purposes of victim restitution, each minor shall be held severally liable, and shall not be held jointly and severally liable as co-offenders. The court shall apportion liability based on each minor's percentage of responsibility or fault for all economic losses included in the order of restitution"].)

Thus, the parties and the juvenile court were fully aware that D.Z. sought to be reimbursed for restitution amounts he had overpaid once his murder conviction had been vacated and the matter was transferred back to juvenile court. This was sufficient to preserve D.Z.'s reimbursement claim for appellate review.

Even if D.Z. arguably should have re-raised the reimbursement issue for a third time at the final restitution hearing, we have discretion to reach an issue a party has failed to preserve below, and we choose to exercise that discretion here. (*Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 489 [appellate court has discretion to consider issue not raised in trial court to extent it presents a pure question of law or involves undisputed facts].) Here, the parties agree, and the record shows, D.Z. fully paid the $10,000 restitution fine as well as the $9,014.25 direct victim restitution award. The parties also agree, and we concur, that D.Z. must be reimbursed for the $10,000

5

restitution fine and for the portion of the direct victim restitution award that exceeds D.Z.'s $2,253.56 share.  (*Nelson v. Colorado, supra*, 581 U.S. at p. 130.)

Accordingly, we shall remand the matter for further proceedings on the issue of reimbursement.

DISPOSITION

The matter is remanded to the juvenile court to conduct further proceedings to reimburse D.Z. for the $10,000 restitution fine paid pursuant to Penal Code section 1202.4, and for any amount of direct victim restitution D.Z. already paid that exceeds his 25 percent share of the total victim restitution award.  In all other respects, the judgment is affirmed.


                                             /s/
                                      EARL, P. J.


We concur:


/s/
HULL, J.


/s/
MAURO, J.