Filed 12/23/25  P. v. Vanzandt CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DWIGHT LASALLE VANZANDT,<br><br>    Defendant and Appellant. | D085138<br><br><br>(Super. Ct. No. SCD225208) |

APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielson, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Chief Assistant Attorneys General, Steve Oetting and Joshua Trinh, Deputy Attorneys General, for Plaintiff and Respondent.

Dwight Lasalle Vanzandt appeals from a judgment after he was resentenced on a 2010 criminal conviction at the recommendation of the California Department of Corrections and Rehabilitation (CDCR) under

Penal Code section 1172.1.[1]  On resentencing, the trial court reduced Vanzandt's sentence for multiple counts of residential burglary, residential robbery, and aggravated kidnapping from 14 years to life consecutive to 23 years to a new sentence of 14 years to life consecutive to 16 years.  Vanzandt contends the judgment should be reversed and remanded for another resentencing hearing because the trial court acted based on an erroneous understanding of the underlying facts of his conviction.  We reject this contention and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Between July 2009 and January 2010, Vanzandt committed a series of residential burglaries.  In the first four, nobody was home when he broke in and stole various items.  For the fourth burglary committed in August 2009, police responded to an alarm while the burglary was in progress and apprehended Vanzandt.  He was eventually released on bail.

In January 2010, N.P. was home alone with her baby when Vanzandt knocked on the door and rang the doorbell.  N.P.'s husband V.N. was at the grocery store.  N.P. did not respond.  Vanzandt entered through the rear sliding door and began piling items on the kitchen table.  N.P. was in her baby's room.  She picked up the baby and walked down the hallway.  When Vanzandt saw her, he demanded her purse, pointed something at her, and said, "Don't call the police or I'm gonna kill you."  He told her, "I want your money[,] give me all your money.  Take me upstairs and get your purse."  N.P. said her purse was in the baby's room.  Vanzandt ransacked the room and went through her purse and a diaper bag.  He became agitated and asked N.P. where the money was.  She handed him $105 from another diaper bag.  He demanded all her jewelry, and she told him she had none.

---

[1]     All further statutory references are to the Penal Code.

2

Vanzandt went back to the kitchen. N.P. noticed he had a screwdriver in his hand. She was inside the home with Vanzandt for about 15 minutes before her husband V.N. returned. Vanzandt immediately confronted him and said, "Don't do anything stupid, I have a gun. Give me your money and jewelry." V.N. was afraid and gave him $300 from his wallet. Vanzandt continued to take items and put them into a red backpack from the baby's room.

Vanzandt then told V.N., "You're gonna take me to the ATM and get more money." V.N. said he did not have an ATM card. Vanzandt responded, "You're gonna get in the car anyway. I won't hurt you if you do what I say." V.N. insisted that his wife and child stay at home, but Vanzandt refused. They all got into V.N.'s car. Vanzandt sat in the back with V.N. in the driver's seat and N.P. in the front passenger seat holding the baby. Vanzandt directed V.N. to drive onto Imperial Avenue but V.N. refused to do so until the baby was secured in the car seat. Vanzandt made him drive to an alley and stop. He told V.N., "If you call the police, I will come kill you." Vanzandt left the vehicle and fled on foot with the backpack full of stolen items.

Vanzandt was charged with four counts of residential burglary (§§ 459, 460; counts 1-4), two counts of residential robbery (§ 211, counts 5-6), two counts of aggravated kidnapping (§ 209, subd. (b)(1); counts 7-8), and one count of kidnapping a victim under the age of 14 (§§ 207, subd. (a), 208, subd. (b); count 9). The information further alleged that he committed counts 5 through 9 while released from custody on bail (§ 12022.1, subd. (b)), that he personally used a dangerous and deadly weapon in the commission of count 5 (§ 12022.1, subd. (b)(1)), and that he had suffered a prior serious felony conviction and prior strike (§§ 667, subds. (a)-(i), 668, 1192.7, subd. (c), 1170.12).

3

In December 2010, Vanzandt pled guilty as charged to all counts and enhancements.  As the factual basis for his plea, he initialed the following description on the plea form:  "On 7/23/09, 7/24/09, 08/09/09, and 08/20/09 I entered 4 separate residences with the intent to commit theft.  On 01/17/10 I committed a residential robbery with 2 separate victims, kidnapped 2 victims for purposes of a robbery and kidnapped a victim under age 14 and these offenses occurred while I was out on bail pending final judgment on another felony case."  He also admitted he "used a deadly weapon" in committing the January 2010 offenses.

In March 2011, the court sentenced Vanzandt to 14 years to life consecutive to 28 years.  In January 2020, the court resentenced Vanzandt to 14 years to life consecutive to 23 years.

In April 2024, CDCR sent the court a letter recommending a recall of Vanzandt's sentence and resentencing under section 1172.1, subdivision (a)(1).[2]  Attached to the letter was a CDCR case summary and evaluation report discussing Vanzandt's commitment offenses, criminal history, institutional conduct, and participation in prison programs and self-help activities.

---

[2]    Section 1172.1, subdivision (a)(1) allows a court to recall a sentence and resentence the defendant at any time upon the recommendation of CDCR.  Such a CDCR recommendation raises "a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant currently poses an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18."  (§ 1172.1, subd. (b)(2).)  This "means an unreasonable risk that the petitioner will commit a new violent felony" listed in section 667, subdivision (e)(2)(C)(iv).  (§ 1170.18, subd. (c).)  These are known colloquially as super-strike offenses.  (*People v. Valencia* (2017) 3 Cal.5th 347, 351.)  On resentencing, the court may not impose a sentence greater than the initial sentence (§ 1172.1, subd. (a)(1)), and may vacate the conviction and impose judgment on any lesser included or lesser related offense (*id.*, subd. (a)(3)(B)).

Vanzandt filed a brief and supplemental brief in support of CDCR's request for resentencing. He requested that the court resentence him by striking his strike prior and serious felony prior, striking the out-on-bail enhancement, and reducing the aggravated kidnapping counts to simple kidnapping. He also submitted multiple exhibits documenting his record of rehabilitation, positive prison conduct, participation in prison programs, childhood trauma, and medical conditions, as well as letters of support and his own statements of remorse and accountability.

The People filed a brief in opposition to resentencing. The People argued (1) there should be no resentencing because there was an unreasonable risk that Vanzandt would commit a super-strike offense; and (2) if there was a resentencing, the court should reimpose Vanzandt's current sentence.

The court held a hearing on the matter. During the hearing, the court acknowledged that Vanzandt was 64 years old; that his only strike prior was a 1984 residential burglary committed 25 years before the current offenses when Vanzandt was 23 years old; he had a significant history of childhood abuse; his substance abuse issues contributed to the commission of the offenses; he had made significant efforts to participate in substance abuse recovery and other programs while in prison; his embrace of sobriety appeared to be genuine and significant; he had "really cleaned up his act" in prison; and he suffered from leukemia and other medical problems.

After hearing arguments from counsel, the court found that the People had not rebutted the statutory presumption in favor of resentencing arising from CDCR's request. (§ 1172.1, subd. (b)(2).) The court explained: "[T]aking all of the facts and circumstances in consideration, given the passage of time, given the changes that he's made in his life, I do not believe that the burden

5

has been met to show that recall and resentencing would be unreasonably dangerous within the meaning of the law." The court therefore recalled the sentence and proceeded to resentencing.

The court began by addressing Vanzandt's *Romero*[3] motion to strike the strike prior. The court noted that although the strike prior was older, Vanzandt had "unrelenting criminality" in the interim, and he did not cease his commission of residential burglaries even after being caught twice. Considering the nature and circumstances of the present and prior felonies, as well as the particulars of Vanzandt's background, character, and prospects, the court found he was "within the spirit of the strike law" and therefore "decline[d] to exercise discretion to strike the strike as to all of the counts or any of the counts."

The court then turned to Vanzandt's request to reduce the aggravated kidnapping counts to simple kidnapping. The court ruled as follows: "[E]ven taking into consideration all the changes since the conviction occurred, it does not change the essential finding that there are two counts supported by a kidnapping and all of the significant activity that that conviction entails. *And the jury found that it was for the specific intent to commit robbery.* I think that in the interest of justice, the Court would decline the discretionary opportunity to set aside those convictions and replace them with a lesser included offense." (Italics added.)

When the court made this reference to a jury finding, neither defense counsel nor the prosecutor objected or reminded the court that the conviction was the result of a guilty plea rather than a jury trial.

Next, the court addressed Vanzandt's requests to strike the five-year serious felony prior (§ 667, subd. (a)(1)) and the out-on-bail enhancement

---

3      *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

6

(§ 12022.1, subd. (b)) under section 1385. The court exercised its discretion to strike the 1984 serious felony prior based on the following factors: the imposition of multiple enhancements, the age of the prior, Vanzandt's childhood trauma, and some degree of mental illness. For mostly the same reasons, the court also exercised its discretion to strike the out-on-bail enhancement.

The court ultimately imposed a sentence of 14 years to life consecutive to 16 years. The end result was that Vanzandt's indeterminate sentence remained the same but his consecutive determinate sentence was reduced by seven years.

## DISCUSSION

Vanzandt argues the trial court relied on an erroneous understanding of the facts in two respects: (1) the court referred to a jury finding of a specific intent to commit robbery even though his conviction was the result of a guilty plea; and (2) the court believed the facts of the aggravated kidnapping counts were aggravated. Vanzandt further contends that the trial court's reliance on these erroneous facts in imposing sentence violated his federal due process rights. We disagree.

As an initial matter, Vanzandt's trial counsel failed to object or seek correction of either of these alleged factual errors at the resentencing hearing. As the People argue, the issue is therefore forfeited for appeal. (*People v. McCullough* (2013) 56 Cal.4th 589, 594; *People v. Scott* (1994) 9 Cal.4th 331, 353–355.) Vanzandt does not dispute this point but argues that his trial counsel was ineffective in failing to object.

To prevail on his ineffective assistance of counsel claim, Vanzandt must establish that (1) his counsel's performance was deficient, and (2) he was prejudiced as a result. (*Strickland v. Washington* (1984) 466 U.S. 668,

687 (*Strickland*).)  Under *Strickland*'s prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Id*. at p. 694.)

In deciding a claim of ineffective assistance of counsel, "there is no reason for a court . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.  In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (*Strickland, supra*, 466 U.S. at p. 697.)

We follow that course here.  Although the trial court did misspeak when it referred to a jury finding of intent to rob, there is no reasonable probability it would have imposed a different sentence if defense counsel had objected and pointed out the mistake.  In his guilty plea, Vanzandt expressly admitted that he "kidnapped 2 victims *for purposes of a robbery* and kidnapped a victim under age 14." (Italics added.)  Vanzandt does not explain why it would have made any difference to the court that his specific intent to rob the kidnapping victims was established by guilty plea rather than a jury finding.  "Prejudice must be a demonstrable reality established based on facts in the record, not simply speculation as to the effect of the errors or omissions of counsel." (*People v. Tilley* (2023) 92 Cal.App.5th 772, 778.)  Vanzandt cannot show prejudice as a demonstrable reality.

Likewise, there is no reasonable probability of a different result if defense counsel had objected that the facts of the kidnapping offenses

were not truly aggravated.  Vanzandt does not dispute that kidnapping for robbery is by definition a form of aggravated kidnapping (§ 209, subd. (b)(1)), but he contends that "the facts of the crime were themselves not aggravated." According to Vanzandt, the facts were "hardly the aggravated kidnapping for robbery that the court relied upon to justify not reducing appellant's convictions to simple kidnapping or deny exercising discretion to dismiss other enhancements."

But the trial court here never described the kidnapping offenses as factually "aggravated" and did not rely on any unsupported facts in imposing sentence.  The court merely referred to the "two counts supported by a kidnapping and all of the significant activity that that conviction entails." Even if Vanzandt's counsel had objected to this generic statement, it could not possibly have made a difference to the sentence.  The "significant activity" the trial court was referring to no doubt included forcing V.N. and N.P. to get into the car with their six-month-old baby and drive away from their house with the intent to rob them—after having made threats to kill or hurt them, displaying a deadly weapon, claiming to have a gun, and demanding money and jewelry.  These were all relevant facts for the trial court to consider at sentencing.  They are not negated by the mere fact that Vanzandt ultimately fled the vehicle.  Nothing in the record supports Vanzandt's claim that the trial court imposed the sentence it did based on a mistaken view of the seriousness of the kidnapping crimes.  In reducing the sentence as it did, the trial court properly considered the totality of the circumstances, including the facts of the crimes and the evidence of Vanzandt's rehabilitation and positive prison conduct.  Accordingly, we reject Vanzandt's ineffective assistance of counsel claim.

9

DISPOSITION

The judgment is affirmed.

BUCHANAN, J.

WE CONCUR:


DO, Acting P. J.


CASTILLO, J.